Dewey, J.
Blartsoak sued Reddick for a libel, in charging him in writing with obtaining property by false pretenses. Among the pleas filed by the defendant are the general issue, and a special plea alleging that the supposed libel was an affidavit, made by the defendant before a justice of the peace, for the purpose of procuring a State warrant against the plaintiff, on a charge of having obtained the property, named in the affidavit, by false pretenses. Eeplication to this special plea de injuria, &e., and joinder. Verdict and judgment for the defendant.
The Court charged the jury—“If the paper in evidence (called the libel) is an affidavit made, sworn to, and regularly presented to justice Webb, of this county, for the purpose of obtaining from him a State warrant, on which to arrest and *272 try the plaintiff for obtaining goods by false pretenses, this action for a libel can not be sustained.” The propriety of this instruction is the only point in the cause.
C. Fletcher, 0. Butler, and 8. Yarides, for the appellant.
W. Quarles, LL. Brown, and P. Sweetser, for the appellee.
There are several occasions, on which words may be spoken or written, that destroy the implication of malice, which would otherwise arise from the words themselves. Among these privileged occasions is a proceeding in due course of law. A complaint made to a justice of the peace, or other qualified magistrate, for the purpose of enforcing justice *against an individual therein accused of crime, does not subject the person making the accusation to an action for slander or libel. The foundation of this principle is the necessity of preserving the due administration of public justice. Few would be found to accuse, if the institution of an unsuccessful prosecution subjected the prosecutor to an action for words spoken or written. Cutler v. Dixon, 4 Rep., 14; Lake v. King, 1 Saund., 131; Johnson v. Evans, 3 Esp. R., 32.(1) And it makes no difference whether the charge be true or false; or whether it be sufficient to effect its object or not; if it be made in the due course of a legal or judicial proceeding, it is privileged, and can not be the foundation of an action for defamation. Buckley v. Wood, 4 Rep., 14; Lake v. King, supra; 1 Saund., 131, n. 1. Whether the affidavit, which is the foundation of this action, was made and presented to the justice by the defendant in a due course of law, was the matter ’ put to the jury by the instruction of the Court in question; and it was correctly put. ,
Per Curiam.—The judgment is affirmed with costs.

 But an action on the case lies against any person who maliciously, and without probable cause, prosecutes another, whereby the party prosecuted sustains an injury, either in his person by'imprisonment, in his reputation by scandal, or in his property by expense. Savile v. Roberts, 1 Ld. Raym., 374; Salk., 13. Thus, it lies for maliciously arresting and holding a party to bail. Goslin v. Wilcock, 2 Wils., 302; Smith v. Cattel, Id., 376; for maliciously suing out a commission of bankruptcy or of lunacy; Chapman v. Pickersgill, 2 Wils., 145; Turner v. Turner et al., 1 Gow’s R., 20; or for the malicious prosecution *273 of a criminal charge before a magistrate or otherwise. Secor v. Babcock, 2 Johns., 203; 2 Selw. N. P. 1077 4 Rep., 14, n.; Tuell v. Wrink et al., ante, 249.