## GRIFFITH *v.* SLINKARD.

[No. 17,968,   Filed October 16, 1896.]

PROSECUTING ATTORNEY.—*Not Liable for Maliciously Procuring Indictment.*—A prosecuting attorney is not liable in an action for malicious prosecution, for participation by him in procuring an indictment maliciously and without probable cause.

SAME.—*Reading in Open Court a False Indictment.—Not Defamation.*—The reading by the prosecuting attorney, in open court to the officers thereof and in the hearing of others, of an indictment, even though it be false and inproperly procured, is privileged and cannot be the foundation of an action for defamation.

From the Greene Circuit Court. *Affirmed.*

*Cavins & Cavins* and *Davis & Moffett,* for appellant.

*Emerson Short* and *W. L. Slinkard,* for appellees.

McCABE, J.—The circuit court sustained a several demurrer to each of the two paragraphs of the complaint, and plaintiff, the appellant, refusing to amend and electing to stand upon his complaint, the defendant recovered judgment upon the demurrer that the plaintiff take nothing by his complaint. The rulings upon said demurrer are called in question by the assignment of errors.

The substance of the complaint is as follows:

"1st. Par.   Plaintiff, for amended complaint complains of the defendant, and says that on October 4, 1893, during the September term of the Greene Circuit Court, while a grand jury of said county was in session inquiring into crimes, etc., the defendant was the regularly elected and qualified prosecuting attorney for the fourteenth judicial circuit of said State and for said county of Greene, the same being one of the counties of said circuit; that during said session of said grand jury it became their duty to inquire into a charge of crime presented them against one John Mullins for having feloniously and purposely set fire to and burned a certain barn, of the value of $400.00, the property of said Mullins, the said property being insured by the Indiana Underwriters Insurance Company in the sum of $400.00, with intent to cheat and defraud said insurance company; that said grand jury voted and decided to present an indictment against said Mullins in due form charging him with said crime; that said Slinkard, acting as prosecuting attorney, but maliciously, wrongfully, and willfully intending to injure plaintiff, represented to said grand jury that he was able to present evidence that would show probable cause for and justify an indictment against

said plaintiff for said crime jointly with said Mullins; that said grand jury investigated and heard said pretended evidence; that there was no evidence whatever against this plaintiff in any way whatsoever tending to connect said plaintiff with the commission of said crime, and that he in fact was not guilty thereof, nor of complicity therein; that said grand jury thereupon voted, decided and determined not to present or return any indictment against said Griffith, plaintiff herein, charging him with said crime, of which action and determination of said grand jury said defendant at the time well knew; that thereupon said grand jury directed said Slinkard to prepare an indictment against said Mullins charging him with said crime, but did not direct him to include this plaintiff in said indictment; that said indictment against said Mullins, charging him with said crime, was prepared by said Slinkard and by said grand jury returned into open court, but that said defendant, well knowing all the foregoing action and determination and decision of said grand jury, and maliciously intending to harass and injure said plaintiff, did knowingly, willfully and without any probable cause whatever, and without any authority or direction from said grand jury, and without its knowledge or consent, or without the knowledge or consent of any of its members, insert the name of said plaintiff in said indictment at the time the same was so prepared by said Slinkard, causing said indictment to jointly charge said Mullins and Griffith with said crime, and furnish the same in said form to said grand jury, whose foreman, without reading the same or knowing the plaintiff's name was included therein, indorsed the same 'a true bill,' and the same in said form was presented in open court as aforesaid. But the defendant, well knowing all the foregoing action, and will-

fully, maliciously and without probable cause in his capacity as attorney for the State, caused a warrant to be issued for the arrest of said plaintiff on said indictment, and caused said plaintiff to be arrested thereon, and compelled him to enter into his recognizance for his appearance in said court from day to day and term to term willfully, maliciously and without probable cause compelled plaintiff to appear from day to day and term to term to answer said charge for a period of nine months, and dismissed said pretended cause and entered a motion to *nolle prosequi* the same, which motion was sustained and said prosecution terminated."

The theory of the first paragraph is in the nature of a complaint for malicious prosecution.

And it may be first noted that it states enough to show that there was an indictment against the appellant returned into open court by the grand jury, indorsed by the foreman a true bill. It takes at least five of the grand jurors to concur in the finding of an indictment, and it must be indorsed by the foreman a true bill. Burns' R. S. 1894, section 1738 (R. S. 1881, 1669). The statute further requires it to be returned into court, and if the foreman has not signed his name to the indorsement aforementioned, the court must require him to do so, and also require the prosecuting attorney to sign it in the presence of the grand jury, if he has not already done so. It is then required to be filed by the clerk indorsing thereon the date of filing and record the same. Burns' R. S. 1894, section 1741 (R. S. 1881, 1672).

All this the paragraph unavoidably shows has been done as to the indictment in this case. It shows also that the grand jury returned the indictment without any evidence against the appellant. It shows that they heard the pretended evidence against him, and

Griffith *v.* Slinkard.

that there was no evidence tending to establish his guilt, and that they voted not to indict him, and yet the appellee, as prosecuting attorney, maliciously wrote his name into the indictment without the knowledge or consent of the grand jury. And yet it is shown that it was returned by the grand jury into open court and filed. This record must be held to import absolute verity that the grand jury did find and return into open court the alleged indictment. However reckless and malicious the grand jury may have acted in returning an indictment against another without evidence or probable cause, they are not liable to the injured person in an action for malicious prosecution. *Hunter* v. *Mathis*, 40 Ind. 356.

The question remains, is the prosecuting attorney any more liable for his alleged participation in procuring the indictment maliciously and without probable cause?

In the *State* v. *Henning*, 33 Ind. 189, at page 191, this court said: "The turning point in the case is this: Is a prosecuting attorney an officer intrusted with the administration of justice? He is a judicial officer, created by the constitution of the State. 1 G. & H. p. 47, section 11. He is the law officer of the court to whom is intrusted all prosecutions for felonies and misdemeanors. 2 G. & H. p. 430, section 4. He is the legal adviser of the grand jury. We think he is 'an officer intrusted with the administration of justice.'"

The prosecuting attorney therefore is a judicial officer, but not in the sense of a judge of a court. The rule applicable to such an officer is thus stated by an eminent author: "Whenever duties of a judicial nature are imposed upon a public officer, the due execution of which depends upon his own judgment, he is exempt from all responsibility by action for the motives which influence him and the manner in which said

duties are performed. If corrupt, he may be impeached or indicted, but he cannot be prosecuted by an individual to obtain redress for the wrong which may have been done. No public officer is responsible in a civil suit for a judicial determination, however erroneous it may be, and however malicious the motive which produced it." Townsend Slander and Libel (3d ed.), section 227, pages 395-6.

It was held in *Parker* v. *Huntington*, 2 Gray (Mass.) 124, that an action against a district attorney and another person for maliciously contriving to have the plaintiff indicted for perjury, they knowing that he had not committed it, and by their false testimony obtaining a verdict of guilty against the plaintiff, which was afterwards set aside, cannot be maintained.

There is therefore no more liability against the prosecuting attorney than there is against the grand jury for the return of an indictment maliciously and without probable cause.

The second paragraph is a complaint for libel in reading the contents of the same indictment in open court to the officers thereof and in the hearing of others.

It is alleged to be false, and the publication thereof by said reading is alleged to be malicious.

In the same section of Townsend, from which we have just quoted, it is said: "No action will lie for defamatory matter contained in a presentment of a grand jury."

In *Hartsock* v. *Reddick*, 6 Blackf., at pages 255-6, it is said by Dewey, J., speaking for the court, that: "A complaint made to a justice of the peace, or other qualified magistrate, for the purpose of enforcing justice against an individual therein accused of crime, does not subject the person making the accusation to an action for slander or libel. The foundation of this

principle is the necessity of preserving the due administration of public justice. Few would be found to accuse, if the institution of an unsuccessful prosecution subjected the prosecutor to an action for words spoken or written. *Cutler* v. *Dixon*, 4 Rep. 14; *Lake* v. *King*, 1 Saund. 131; *Johnson* v. *Evans*, 3 Esp. R. 32. And it makes no difference whether the charge be true or false; or whether it be sufficient to effect its object or not; if it be made in the due course of a legal or judicial proceeding, it is privileged, and cannot be the foundation of an action for defamation. *Buckley* v. *Wood*, 4 Rep. 14; *Lake* v. *King*, *supra;* 1 Saund. 131 n. 1." To the same effect is 1 Hilliard on Torts (3d ed.), p. 19, section 8.

We are, therefore, of opinion that neither paragraph stated facts sufficient to constitute a cause of action.

The circuit court did not err in sustaining a demurrer to each paragraph of the complaint.

The judgment is affirmed.