[Civ. No. 10717. Second Appellate District, Division Two.—February 18, 1936.]

KENT C. ROGERS, Appellant, v. MYER B. MARION et al., Respondents.

Barry Sullivan and Monta W. Shirley for Appellant.

Everett W. Mattoon, County Counsel, and Douglas De Coster, Chief Deputy Counsel, for Respondents.

GOULD, J., *pro tem.*—This suit, directed against a township justice of the peace, seeks damages upon allegations that the latter maliciously and without probable cause, and knowing that the complaint and affidavit for arrest were false, issued a warrant for plaintiff's arrest and thereby caused the latter's unlawful imprisonment. Demurrer was sustained without leave to amend, and plaintiff appeals from the judgment which followed.

The lower court ruled correctly. The law grants to a judicial officer immunity from civil actions by persons dissatisfied with his judicial determinations. Cooley on Torts (3d ed., vol. 2, p. 795) contains a statement of the principle in these words: "Whenever, therefore, the State confers

judicial powers upon an individual, it confers them with full immunity from private suits. In effect the State says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely and without favor, and he may exercise it without fear; that the duties concern individuals but they concern more especially the welfare of the State and the peace and happiness of society; that if he shall fail in the faithful discharge of them he shall be called to account as a criminal, but that in order that he may not be annoyed, disturbed and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages. This is what the State, speaking by the mouth of the common law, says to the judicial officer.''

We also quote from the case of *Griffith* v. *Slinkard*, 146 Ind. 117 [44 N. E. 1001], as follows: ''Whenever duties of a judicial nature are imposed upon a public officer, the due execution of which depends upon his own judgment, he is exempt from all responsibility by action for the motives which influence him and the manner in which said duties are performed. If corrupt, he may be impeached or indicted, but he cannot be prosecuted by an individual to obtain redress for the wrong which may have been done. No public officer is responsible in a civil suit for a judicial determination, however erroneous it may be and however malicious the motive which produced it.''

Many cases on the subject are collated and reviewed in *Pearson* v. *Reed,* 6 Cal. App. (2d) 277 [44 Pac. (2d) 592], which extends the immunity to the public prosecutor of the city of Los Angeles; and there it is well stated that there can be no middle ground in the matter—that ''either all such suits are to be tolerated or none''. With that principle we agree, and hold that the situation in the case before us, which appellant urges as sufficiently exceptional to take it out of the usual rule, does not call for any deviation from the accepted doctrine. That the rule extends to inferior courts is held in *Ceinar* v. *Johnston,* 134 Cal. App. 166 [25 Pac. (2d) 28].

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.