MARION MEIER *v.* LOYAL W. COMBS, M.D., GEORGE T. SCHILLING (OF OR FOR THE LAW FIRM STUART, BRANIGAN, RICKS & SCHILLING), CABLE G. BALL (OF OR FOR THE LAW FIRM BALL, EGGLESTON, KING & BUMBLEBURG).

[No. 2-1072A79. Filed June 20, 1973. Rehearing denied July 25, 1973.]

*Marion Meier,* of Evansville, pro se.

*Howard J. DeTrude, Jr., C. Warren Holland, Gerald L. Lawlis, Kightlinger Young Gray & DeTrude,* of counsel, for appellee Loyal W. Combs, M.D.

*Geoffrey Segar, David M. Mattingly, Ice Miller Donadio & Ryan,* for appellees George T. Schilling and Cable G. Ball.

SHARP, J.—This case appears to be an attempted collateral extension of *Meier* v. *Combs* (1970), 147 Ind. App. 617, 263 N.E.2d 194.

In 1962 the Plaintiff-Appellant, Marion Meier, sued the Appellee, Dr. Loyal W. Combs in the Tippecanoe Superior Court under cause number S 594-62 for damages allegedly arising out of the participation by Dr. Combs in having Meier committed to the Veterans Hospital in 1958. As a defense to that action, Dr. Combs alleged that the suit was not commenced within the statutory period of limitation, and filed a motion for summary judgment on that basis. In support of said motion for summary judgment, an affidavit of Dr. Combs was filed. The allegations in said affidavit purport to be the basis of the Appellant Meier's present complaint. On March 5, 1971, a new, separate and distinct lawsuit was filed by Meier as plaintiff designating Dr. Loyal W. Combs, George T. Schilling and Cable G. Ball as defendants. This appeal is an outgrowth of this new lawsuit filed in 1971. This lawsuit purports to state a claim for libel, slander and defamation, all allegedly arising out of statements in said affidavit that was attached to the motion for summary judgment in said cause number S 594-62 in the Tippecanoe Superior Court. In this present lawsuit, Appellees, Dr. Combs, Ball and Schilling, filed their motion for summary judgment on the basis that said affidavit filed in the previous litigation was filed in the due course of such litigation and was therefore a privileged communication which would not support an action for libel, slander and defamation. These motions for summary judg-

ment filed on November 21, 1972 are supported by an extensive affidavit.

On April 25, 1972 the trial court granted the summary judgments of Appellees Combs, Schilling and Ball and stated the following reasons and judgment:

"This matter having come before the Court on defendant Loyal W. Combs' Motion for Summary Judgment under Rule TR. 56 (H.I.) and defendants Schilling and Ball's Motion for Summary Judgment under Rule TR. 56 (H.I.), and a hearing having been held on said motions, the Court now finds the following:

"1. The present action arises from an affidavit filed in Cause No. S594-62 in the Tippecanoe Superior Court.

"2. The matters raised in the present action are duplicitous of matters raised in still pending Cause No. S594-62, and create no genuine issue as to any material fact.

"3. As a matter of Indiana law, a matter published in due course of a judicial proceeding is absolutely privileged if it has some relation thereto.

"4. The filing of the affidavit involved herein is an act which is privileged and cannot support a cause of action as alleged in plaintiff's Complaint and filed by Marion Meier against the defendants.

"5. Defendants, and each of them, are entitled to judgment in their favor, as a matter of law.

"And the Court upon said findings and conclusions now enters judgment pursuant to Rule TR. 58 in accordance therewith.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendants and each of them, are entitled to judgment in their favor and the cost of this action and that the plaintiff, Marion Meier, recover nothing from any of the defendants on his Complaint, and the Court hereby enters judgment for the defendants, and each of them, and against the plaintiff."

At the outset we should emphasize that nothing that we say here should be interpreted as having any relationship or bearing whatsoever to the determination on the merits of the case in said cause number S 594-62 in the Tippecanoe Superior Court as related to *Meier* v. *Combs* (1970), 147 Ind. App. 617, 263 N.E.2d 194.

The sole and only question presented in this case is whether an affidavit filed in a proceeding in litigation in due course of law constituted a privileged communication and, as such, could not support a cause of action for libel, slander and defamation. We conclude that the law in Indiana is well settled that the contents of such a pleading, in this case including an affidavit in support of summary judgment, is privileged and cannot be used as the basis for libel, slander or defamation. Therefore, the trial court properly interpreted the law of Indiana and was correct in granting summary judgment.

In *Stahl* v. *Kincade* (1963), 135 Ind. App. 699, 706, 192 N.E.2d 493, the Appellate Court stated:

" '* * * It is well settled by many authorities that there are occasions upon which words may be spoken or written of a person, whereby the implication of malice which ordinarily arises from the words themselves is destroyed. Among this privileged class or occasion is a proceeding in due course of law. No actual malice is shown in the complaint, but it appears that the words were written and published in a petition expressly authorized by statute, to be filed in a proceeding in court, and that the alleged libelous words were but the statutory grounds which, if found to exist, would warrant the court, under this statute, to award the custody of appellant's children to said board. It is obvious, therefore, that appellant's alleged cause of action arose out of a proceeding in court in a matter expressly sanctioned by the statutes of the state, and comes broadly within the rule to which we have referred.

" 'The reason upon which the rule is founded is the necessity of preserving the due administration of justice. As to whether the charge be true or false, or whether it be sufficient or not to effect the object in view, if it be made in the due course of a judicial or legal proceeding, it is privileged, and cannot be made the basis of an action for defamation of character. Hartsock v. Reddick, 6 Blackf. 255 [38 Am. Dec. 141]; Hastings v. Luck, 22 Wend. 410, 34 Am. Dec. 330, and authorities cited in note to this last case, Strauss v. Meyer, 48 Ill. 385.' "

\* \* \*

"We are inclined that the rule presently followed in England should not be adopted here without the qualification generally adhered to in other jurisdictions throughout the United States that the statements in order to be privileged

must be pertinent or relevant to the litigation or bear some relation thereto."

Additionally, the affidavit in support of summary judgment filed in cause number S 594-62 was, as a matter of law, relevant to the litigation in that case. Since there was no genuine issue of material fact and since the Appellees were entitled to a judgment as a matter of law in this case, the trial court was correct in granting said motion for summary judgment and should be, and hereby is, affirmed.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 297 N.E.2d 436.