**Andrew FOSTER, Appellant,**

**v.**

**Noble PEARCY, Appellee.**

**Nos. 1–577A113, 479S87.**

Supreme Court of Indiana.

April 3, 1979.

Forrest Bowman, Jr., Indianapolis, for appellant.

John T. Davis, Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant filed this cause of action for libel against Leroy New and appellee Noble Pearcy. Pearcy moved to dismiss under TR 12(B)(6) for failure to state a claim upon which relief could be granted. The trial court granted the motion. The Court of Appeals reversed, holding that Pearcy as Prosecuting Attorney enjoyed only a qualified immunity for statements made to the press by him and his deputy Leroy New. *Foster v. Pearcy* (1978), Ind.App., 376 N.E.2d 1205. We grant transfer and reinstate the judgment of the trial court.

In 1974 Pearcy was Marion County Prosecuting Attorney and New was a deputy under him. During that year New presented evidence to the Marion County Grand Jury regarding an alleged narcotics smuggling ring. The grand jury returned an indictment against appellant Andrew Foster and others. The indictments were later dismissed because of procedural technicalities. A resubmission to the grand jury resulted in a no bill.

On September 7, 1974, according to the complaint, New told a reporter for the Indianapolis Star (1) that Foster had grossed $18,000 per week from his heroin business; (2) that Foster was part of a nationwide heroin ring; and (3) that the indictment was a result of a two-month investigation by local and federal authorities. New is also alleged to have stated on September 11, 1974, that the police knew the location of huge profits Foster had made during a two-year stint as the boss of the operation. Foster argued to the Court of Appeals that his complaint stated a valid cause of action against Pearcy under theories of respondeat superior and negligence in hiring and supervising New. The Court of Appeals accepted the former and rejected the latter. We reject both theories.

In 1896, this Court considered a case wherein a prosecuting attorney, in contravention of the grand jury's decision not to indict one Griffith, had secretly altered the indictment to include Griffith's name.

Griffith subsequently was arrested but the charges were later dismissed. He then instituted an action against the prosecutor for libel and malicious prosecution. A unanimous Court stated:

"The prosecuting attorney, therefore, is a judicial officer, but not in the sense of a judge of a court. The rule applicable to such an officer is thus stated by an eminent author: 'Whenever duties of a judicial nature are imposed upon a public officer, the due execution of which depends upon his own judgment, he is exempt from all responsibility by action for the motives which influence him and the manner in which said duties are performed. If corrupt, he may be impeached or indicted; but he cannot be prosecuted by an individual to obtain redress for the wrong which may have been done. No public officer is responsible in a civil suit for a judicial determination, however erroneous it may be, and however malicious the motive which produced it.' Townsend Slander and Libel (3d ed.), section 227, pages 395–6." *Griffith v. Slinkard* (1896), 146 Ind. 117, 121–2, 44 N.E. 1001, 1002.

The reasons for this rule were set forth by Judge Dewey in *Hartsock v. Reddick* (1842), 6 Blackf. 255:

"There are several occasions, on which words may be spoken or written, that destroy the implication of malice, which would otherwise arise from the words themselves. Among these privileged occasions is a proceeding in due course of law. A complaint made to a justice of the peace, or other qualified magistrate, for the purpose of enforcing justice against an individual therein accused of crime, does not subject the person making the accusation to an action for slander or libel. The foundation of this principle is the necessity of preserving the due administration of public justice. Few would be found to accuse, if the institution of an unsuccessful prosecution subjected the prosecutor to an action for words spoken or written. *Cutler v. Dixon*, 4 Rep., 14; *Lake v. King*, 1 Saund., 131; *Johnson v. Evans*, 3 Esp.R., 32.(1)

And it makes no difference whether the charge be true or false; or whether it be sufficient to effect its object or not; if it be made in the due course of a legal or judicial proceeding, it is privileged, and can not be the foundation of an action for defamation." 6 Blackf. at 255–6.

The Supreme Court of the United States recently had occasion to address this issue in the case of *Imbler v. Pachtman* (1976), 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128. The Court characterized the problem as follows:

"Petitioner focuses upon the 'quasi-judicial' characterization, and contends that it illustrates a fundamental illogic in according absolute immunity to a prosecutor. He argues that the prosecutor, as a member of the executive branch, cannot claim the immunity reserved for the judiciary, but only a qualified immunity akin to that accorded other executive officials in this Court's previous cases.

"Petitioner takes an overly simplistic approach to the issue of prosecutorial liability." 424 U.S. at 420–1, 96 S.Ct. at 990, 47 L.Ed.2d at 138.

After discussing *Griffith v. Slinkard, supra,* the Court stated that the "*Griffith* view on prosecutorial immunity became the clear majority rule on the issue." 424 U.S. at 422, 96 S.Ct. at 991, 47 L.Ed.2d at 138. While the Court refused to decide whether immunity under 42 U.S.C. § 1983 (1976), should be accorded to a prosecutor while acting in an investigative or administrative capacity, the Court did hold that the prosecutor enjoys absolute immunity for his official actions as the State's advocate.

It is our view that the reasoning of *Slinkard v. Griffith, supra,* and *Imbler v. Pachtman, supra,* should not be limited to the cases where the prosecutor is acting only as the State's advocate in a court of law. The prosecutor, as an elected law enforcement official, has a duty to inform the public regarding cases which are pending in his office. He must be able to exercise his best judgment, independent of other irrelevant factors, in serving as the State's

advocate and in communicating such developments and events to the public. Were a prosecutor granted only a qualified immunity, the threat of lawsuits against him would undermine the effectiveness of his office and would prevent the vigorous and fearless performance of his duty that is essential to the proper functioning of the criminal justice system. "The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages." *Imbler v. Pachtman, supra,* 424 U.S. at 424–5, 96 S.Ct. at 992, 47 L.Ed.2d at 140.

We have considered the various authorities discussed in the opinion of the Court of Appeals. We are convinced however that they disregard the fact that the prosecuting attorney is duty-bound to keep the public informed as to the activities of his office. In the opinion of the Court of Appeals, 376 N.E.2d at 1209, they set out illustrations numbered 3 and 4, to the Restatement (Second) of Torts § 591 (1977), which purport to show a distinction between an attorney general and a local district attorney, so far as immunity is concerned. We do not accept this distinction. Both the Attorney General of Indiana and the local prosecuting attorneys in this State exercise certain sovereign powers. It would be anomalous indeed to hold that the attorney general enjoys an absolute privilege, while the local prosecuting attorneys have only a conditional privilege for the same conduct. We therefore conclude that since it is a prosecutor's duty to inform the public as to his investigative, administrative and prosecutorial activities, the prosecutor must be afforded an absolute immunity in carrying out these duties.

 While we base our decision primarily on the common law immunity traditionally accorded to prosecuting attorneys, we also note that the duty to inform the public can be characterized as a discretionary function and thus would fall within the absolute immunity granted under the Indiana Tort Claims Act. IC § 34–4–16.5–3(6) [Burns Supp. 1978]. This decision will in-sure that the prosecutor will be able to exercise the independent judgment necessary to effectuate his duties to investigate and prosecute criminals and to apprise the public of his activities. It will also allay the apprehensions about harassment of prosecuting attorneys from unfounded litigation which deters public officials from their public duties. At the same time, our decision will not leave actual and potential criminal defendants wholly unprotected from unscrupulous prosecuting attorneys. As the Court noted in the *Pachtman* case, *supra,* prosecutors are still subject to professional discipline if their actions stray beyond the bounds of ethical conduct. See *Code of Professional Responsibility,* DR 7–103, DR 7–107, EC 7–13 and EC 7–33.

 We express no opinion as to the liability of prosecuting attorneys or their deputies for acts outside the scope of their authority. We hold only that where, as here, the acts are reasonably within the general scope of authority granted to prosecuting attorneys, no liability will attach.

Hence, appellee Noble Pearcy as Marion County Prosecuting Attorney enjoys absolute immunity from liability for statements made by him or his deputies to the press regarding pending cases in his office. As far as Pearcy is concerned it is immaterial whether New's statements were within or beyond the scope of his authority as a deputy. If the statements were within the scope of New's authority, Pearcy, as we have just held, is absolutely immune. If the statements were beyond the scope of New's authority, Pearcy again cannot be liable, as government officers are responsible only for the official acts of their deputies acting within the scope of their authority. IC § 5–6–1–3 [Burns 1974]; *Boaz v. Tate* (1873), 43 Ind. 60. Consequently the trial court committed no error in rejecting the theory of respondeat superior and thereby dismissing the complaint against Pearcy.

 Foster's other contention is that the complaint states a claim for relief on the ground that Pearcy was negligent in hiring and supervising New. As the Court of Appeals stated, it is a well-settled com-

mon law and now statutory rule in this State that a government employee or official who has discretionary functions enjoys immunity for acts within the scope of his employment and will not be held liable for any errors, mistakes of judgment or unwise decisions he may make in the exercise of that discretion. *Wallace v. Feehan* (1934), 206 Ind. 522, 190 N.E. 438; IC § 34–4–16.5–3(6) [Burns Supp. 1978]. Clearly the employment and supervision of deputies and employees in governmental offices, including the prosecutor's office, is a discretionary function. As such the trial court and the Court of Appeals properly held that the complaint failed to state a claim for relief against Pearcy for negligence.

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals and affirm the judgment of the trial court.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.