Andrew **FOSTER, Appellant**
(Plaintiff Below),

v.

Leroy K. **NEW, Appellee (Defendant**
Below).

No. 1–180A27.

Court of Appeals of Indiana,
First District.

July 15, 1980.

Forrest Bowman, Bowman, Visher & Dillon, Indianapolis, for appellant.

Robert D. Hollingsworth, Indianapolis, for appellee.

1. Reported at 376 N.E.2d 1205.

NEAL, Judge.

## STATEMENT OF THE CASE

This is a cause of action for libel initiated by the appellant Andrew Foster against Noble R. Pearcy and Leroy K. New. At the time of certain of the allegedly defamatory statements, Pearcy was the prosecuting attorney for Marion County and New was his deputy; Foster was being investigated by a grand jury concerning illegal drug operations. Pearcy filed a motion to dismiss under Ind.Rules of Procedure, Trial Rule 12(B)(6), which was granted by the trial court. The Indiana Court of Appeals reversed, ordering the reinstatement of Foster's complaint.[1] The Supreme Court of Indiana, however, granted transfer, vacated the Court of Appeals decision, and reinstated the judgment of the trial court. *Foster v. Pearcy*, (1979) Ind., 387 N.E.2d 446; *cert. denied*, —— U.S. ——, 100 S.Ct. 1646, 64 L.Ed.2d 235 (hereinafter *Pearcy*).

The case is before this court on the sustaining of New's second motion to dismiss under TR. 12(B)(6), which was granted on the basis of the Supreme Court's holding in *Pearcy, supra.* New's earlier motion to dismiss and a motion for summary judgment had been denied.

We reverse in part and affirm in part.

## STATEMENT OF THE FACTS

Foster's amended complaint alleged that New had made defamatory statements regarding Foster to reporters on several occasions while New was deputy prosecutor and on one occasion after he had left that office. The allegedly defamatory statements made during New's tenure as deputy prosecutor concerned evidence of alleged illegal activities on the part of Foster being considered in a grand jury investigation. The grand jury returned an indictment which was later dismissed. A second grand jury returned a no bill. The no bill was returned after both Pearcy and New had left public office. It was in response to the second grand jury's action and after he was no

longer deputy prosecutor that New allegedly made the other statements to reporters which Foster considers defamatory and which form a basis for his libel action against New. These alleged statements are recited in Paragraph 10(B) of Foster's amended complaint.

## DISCUSSION AND DECISION

Foster's appeal challenges the dismissal of his amended complaint granted upon a second motion by New under TR. 12(B)(6) for failure to state a claim upon which relief could be granted. In reviewing a dismissal under T.R. 12(B)(6), the test to be applied is whether, in the light most favorable to the non-moving party, the complaint is sufficient to constitute any valid claim. The complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *State v. Rankin*, (1973) 260 Ind. 228, 294 N.E.2d 604. New's successful motion to dismiss and his accompanying memorandum were based solely upon the Supreme Court's decision in *Pearcy, supra.* The trial court's ruling generally dismissed the amended complaint and is silent as to the grounds therefor.

In his reply brief, Foster recognizes that the decision in *Pearcy, supra*, adverse to him, precludes a cause of action against New for the allegedly defamatory statements made by New while he was deputy prosecutor, and Foster expressly abandons his appeal of the dismissal insofar as it concerns those statements. He does, however, keep alive his appeal of the dismissal insofar as it concerns the allegedly defamatory statements made by New after he left the prosecutor's staff.

In *Pearcy, supra*, the Supreme Court grounded its decision primarily upon the common law immunity traditionally accorded prosecuting attorneys. The court stated that a prosecutor enjoys absolute immunity from civil liability for his actions in carrying out his official duties. Included among these duties are his actions as the State's advocate and the duty to inform the public as to his investigative, administrative, and prosecutorial activities.

The grant of immunity to a prosecutor results from a balancing of social interests. On the one hand, it is clear that social policy requires that certain conduct be made the basis for legal liability; on the other hand, there exist certain circumstances in which persons engaging in such conduct should be protected in order to serve a greater public need. See Harper and James, The Law of Torts § 5.22 (1956). Our Supreme Court stated in *Pearcy, supra*, that the prosecutor:

"must be able to exercise his best judgment, independent of other irrelevant factors, in serving as the State's advocate and in communicating such developments and events to the public. Were a prosecutor granted only a qualified immunity, the threats of lawsuits against him would undermine the effectiveness of his office and would prevent the vigorous and fearless performance of his duty that is essential to the proper functioning of the criminal justice system. 'The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages.' *Imbler v. Pachtman* . . . ." [(1975) 424 U.S. 409, 411 at 424–25, 96 S.Ct. 984, 986 at 992, 47 L.Ed.2d 128] 387 N.E.2d at 448–449.

The issue before us is, therefore, whether the overriding public policy concerns that justify the granting of absolute immunity from personal liability to prosecutors acting within the scope of their authority exist when a former prosecutor publicly comments on a case in which he participated during his term of service. If the immunity does extend to such comments, the complaint was properly dismissed, since under no circumstances could New be personally liable for his statements in a defamation action. Conversely, if the absolute immunity enjoyed by a prosecuting attorney ceases to attach upon the termination of his official prosecutorial status, a cause of action for defamation would lie, and, under our rules of pleading, would not be vulnerable

to a motion to dismiss under TR. 12(B)(6) for failure to state a claim upon which relief could be granted.

*Pearcy, supra,* specifically limited its holding to acts reasonably within the general scope of authority granted a prosecuting attorney. The court in *Pearcy, supra,* expressly stated: "We express no opinion as to the liability of prosecuting attorneys or their deputies for *acts outside the scope of their authority.*" 387 N.E.2d at 449. (Our emphasis.) *Pearcy, supra,* relied upon *Griffith v. Slinkard,* (1896) 146 Ind. 117, 44 N.E. 1001, and *Imbler v. Pachtman,* (1976) 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128. The courts in those cases specifically limited absolute immunity to acts which were an "integral part of the judicial process."

We conclude that those policy justifications stated in *Pearcy, supra,* are no longer present after the prosecutor has ended his term of official service. As we have noted, the public interest in a prosecutor's ability to vigorously and fearlessly perform his duties unhindered by the threat of lawsuits is great, and such interest justifies foreclosing an injured plaintiff from pursuing his cause of action against a prosecutor. The duties which the prosecutor must be able to perform include his official actions as the State's advocate and his duty to inform the public as to his investigative, administrative, and prosecutorial activities. *Pearcy, supra.* Is a former prosecutor under any duty to inform the public regarding an investigation in which he participated while serving in his official capacity? We think not. While there may be some instances in which a former prosecutor might be called to answer to the public regarding his activities when in office, we do not think this would justify the grant to a former prosecutor of what would amount to a lifetime privilege to employ defamatory language with immunity concerning any person who was during his tenure in office the concern of the prosecutor's office. No public interest would thereby be served. Further, the immunity accorded a prosecutor is not for the benefit of the prosecutor, but for the benefit of the public in insuring that this important office is as efficiently served as possible. *See* Harper and James, *supra,* § 5.22. It follows that upon a prosecutor's leaving office, he no longer owes that duty to the public.

We express no opinion, of course, upon the merits of Foster's claim concerning the allegedly defamatory statements made by New after he left the prosecutor's staff or upon any defenses New might have under the law of defamation. We hold only that the absolute immunity accorded a prosecuting attorney or his deputy, as expressed in *Pearcy, supra,* does not extend to statements made after he leaves that office.

This cause is reversed in part and remanded to the trial court with instructions to reinstate Foster's amended complaint as to the allegedly defamatory remarks made by New after he left the staff of the prosecutor's office and contained in Paragraph 10(B) of the amended complaint. The action of the trial court in dismissing the amended complaint as to the allegedly defamatory remarks made by New while he was on the staff of the prosecutor's office is affirmed.

Reversed and remanded in part; affirmed in part.

ROBERTSON, P. J., and RATLIFF, J., concur.