Delbert THIELE et al.

v.

IND. DEPT. OF HIGHWAYS.

No. 3–184A3.

Court of Appeals of Indiana,
Third District.

Jan. 14, 1985.

Robert L. Thompson, Robert L. Thompson, P.C., Fort Wayne, for appellants.

Linley E. Pearson, Atty. Gen. of Indiana, Robert S. Spear, Chief Counsel-Litigation, Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Delbert Thiele (Thiele), individually and as President of the Southeast Landowners Association (Association), and the Association appeal from dismissal of a verified petition for review of an administrative decision of the Indiana Department of Highways (Department).

Affirmed.

Thiele and the Association filed a petition for review of a public hearing held under

23 U.S.C. § 128 (1970) by the Department for final design approval of a highway bypass. They contend the hearing should have been conducted under the procedures set out in the Administrative Adjudication Act, IC 1947 sections 4–22–1–1 et seq. (Burns Code Edition). The Department moved to dismiss the petition for lack of subject-matter jurisdiction [1] and for failure to state a claim on which relief could be granted.[2] The trial court granted the Department's motion.

■ Our standard of review of a dismissal under TR. 12(B)(6) is well settled. The facts alleged in the complaint must be taken as true and only where it appears that under no set of facts could plaintiffs be granted relief is dismissal of the complaint appropriate. *Emp. Ins. of Wausau v. Commissioner of Dept. of Ins.* (1983), Ind. App., 452 N.E.2d 441; *Foster v. New* (1980), Ind.App., 407 N.E.2d 271; *Morris v. City of Kokomo* (1978), 178 Ind.App. 56, 381 N.E.2d 510. In this particular case the 12(B)(6) motion rested on the trial court's finding that Thiele and the Association lacked standing under IC 1947 § 4–22–1–3 (Burns Code Ed.).[3]

Thiele and the Association assert that their complaints, listed in the petition, about the design of the bypass qualify as legal relations under IC § 4–22–1–3 and are therefore sufficient to give them standing. In addition they assert that these complaints are property interests that secure and support a legitimate claim of entitlement sufficient to satisfy the standing requirement on constitutional grounds. *See Board of State Colleges v. Roth* (1972), 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548; *Perry v. Sinderman* (1972), 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570; *Wilson v. Bd. of Ind. Employment Sec. Div.* (1979), 270 Ind. 302, 308, 309, 385 N.E.2d 438, 443; *Podgor v.*

*Indiana University* (1978), 178 Ind. 245, 255, 256, 381 N.E.2d 1274, 1281.

■ Among the complaints listed in the petition are interference of the design with emergency services response time, interference with community life, faulty projection of traffic volume, and faulty design in rerouting ancillary traffic over roads and bridges. Thiele and the Association do not support their assertions with any argument. They do not point us to any statutory or case law to support their contention that these are property interests subject to a legitimate claim of entitlement, nor can we find any.

■ Thiele and the Association also assert entitlement to proper drainage and access. Such property rights, however, are subject to the Department's eminent domain power under IC 1957 § 8–13–2–3 et seq. (Burns Code Ed.). Therefore, Thiele and the Association are entitled, not to the drainage and access, but to compensation for damages and repair from the taking of those rights. Compensation is properly assessed in condemnation proceedings as set forth in IC 1973 sections 32–11–1–1 et seq. (Burns Code Ed., and Supp.). *See also* IC 1980 § 8–13–2–9 (Burns Code Ed.Supp.); IC 1932 § 8–13–5–16 (Burns Code Ed.). Thiele and the Association have therefore failed to demonstrate standing and dismissal of the petition was proper.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

1. Ind.Rules of Trial Procedure, Trial Rule 12(B)(1).

2. Ind.Rules of Trial Procedure, Trial Rule 12(B)(6).

3. IC § 4–22–1–3 reads:

"in every administrative adjudication in which the rights, duties, obligations, privileges or other legal relations of any person are required or authorized by statute to be determined by any agency the same shall be made in accordance with this act [4–22–1–1—4–22–1–30] and not otherwise."