## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 29 2019, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Rebekah A. Atkins
Marengo, Indiana

ATTORNEY FOR APPELLEES
STEVEN E. RIPSTRA, SCOTT BLAZEY, ARTHUR C. NORDHOFF, JR., AND JACOB WAHL

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE
ATTORNEY GENERAL CURTIS T. HILL, JR.

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rebekah A. Atkins,

*Appellant-Plaintiff,*

v.

Steven E. Ripstra, Scott Blazey, Arthur C. Nordhoff, Jr., Jacob Wahl, John E. Birk, and Curtis T. Hill, Jr.,

*Appellees-Defendants.*

April 29, 2019

Court of Appeals Case No. 18A-MI-2491

Appeal from the Dubois Superior Court

The Honorable Mark R. McConnell, Judge

Trial Court Cause No. 19D01-1808-MI-559

**Shepard, Senior Judge.**

[1] Rebekah Atkins appeals the trial court's grant of the Appellees' motions to dismiss. We affirm.

[2] This case stems from Atkins's assertion that on June 2, 2017, she was informed by unnamed law enforcement officers that her identity had been stolen and was being used in "numerous false & fraudulent lawsuits (scams) in Indiana Courts without [her] permission or knowledge." Appellant's App. Vol. 2, p. 21. She believed "that all these ID theft & Lawsuits Scams are illegally filed and illegally hidden under a judge's seal in the Courts; and [she] is systematically blocked and denied all access." *Id.*

[3] The case began on August 22, 2018, when, instead of filing a civil complaint, Atkins filed the following documents in the Dubois Superior Court: (1) "Verified Motion[s]" for the trial court to order Arthur Nordhoff, John Birk, and the Ripstra Law Office "to Release to Plaintiff All Files and Court

Documents Cases/Records in/with Plaintiff's Identity;" (2) "Verified Motion for this Court to Issue an Order to Curtis Theophilus Hill–Indiana Attorney General to Release to Plaintiff all Files and Court Documents Cases/Records in/with Plaintiff's Identity;" and (3) "Verified Motion for this Court to Set a Hearing in the Matter of the Above Attorneys Participating and Perpetrating ID Theft, Scam Lawsuits & Barratry Against Plaintiff in Numerous Courts and Illegally Sealed Lawsuits Without Plaintiff's Knowledge or Permission" ("Motion to Set Hearing"). *Id.* at 6-7.

[4] In summary, Atkins alleged that defendants Steven Ripstra, Scott Blazey, and Jacob Wahl (all attorneys) had claimed "that they represent Plaintiff to numerous courts and to numerous Defendants in the matter of ID Theft & Lawsuits Scams under a Judge's Seal being perpetrated against Plaintiff," that the three defendants had "never represented Plaintiff in any matter what so ever," and that the "Conduct of these Defendants are injurious and destructive against Plaintiff." *Id.* at 18. She further alleged that Nordhoff, "the current Dubois County Attorney," has failed to provide documents to her even though he is allegedly "defending lawsuits in Plaintiff's identity . . . which are filed illegally against Dubois County Government officials & agencies/entities." *Id.* at 19. Next, Atkins claimed Birk "appears to be involved somehow; but he refuses to provide any documents." *Id.* at 18. She also alleged that "Defendant [Curtis T. Hill,] the current Elected Indiana Attorney General [sic] refuses to meet with Plaintiff, refuses to release any court documents to Plaintiff or help Plaintiff in this matter." *Id.* at 18.

[5] Atkins asked for: an injunction requiring that defendants "cease[ ] and desist[ ] in their injurious and grievous misconduct against Plaintiff," *Id.* at 19, and an order directing the defendants to "release to Plaintiff all claimed client files, court cases/records/documents in/with or pertain to Plaintiff's identity and in regards to all lawsuits, legal actions and or [sic] actions or any documents in regards to these matters." *Id.* at 22.

[6] Attorneys Ripstra, Blazey, Wahl, and Nordhoff filed a joint response, asking the court to dismiss Atkins's claims for failure to state a claim upon which relief can be granted, under Indiana Trial Rule 12(B)(6). Attorney General Hill filed a similar motion. The court granted both motions, and this appeal followed.[1]

[7] Atkins argues the court should have: denied the motions to dismiss; issued an order setting the matter for a hearing; required the attorneys to release to Atkins all requested files; and show cause as to why they should not be held in contempt of court.[2] Appellant's Br. p. 28.

[8] We initially note that Atkins is proceeding pro se. Pro se litigants are held to the same legal standards as licensed attorneys. *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016). "We will not become an 'advocate for a party, or

---

[1] On September 14, 2018, the trial court granted a separate motion to dismiss as to Defendant (now Appellee) John Birk. Birk has not filed a brief in this appeal. However, a party of record in the trial court shall be a party on appeal. Ind. Appellate Rule 17(A).

[2] It does not appear that Atkins raised the matter of contempt of court in her trial court pleadings. Issues not raised at the trial court are waived on appeal. *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006).

address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Id.* at 934 (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*).

[9] Atkins argues the court should have held a hearing on the motions to dismiss, but Rule 12(B)(6) does not require a court to hold a hearing or oral argument "when the motion is addressed to the face of the complaint and not supported by matters outside the pleadings." *Cobb v. Owens*, 492 N.E.2d 19, 20 (Ind. 1986). In this case, the motions to dismiss were directed to the face of the various documents Atkins filed with the trial court.

[10] We next turn to whether the court erred in granting the motions to dismiss. Our standard of review under Indiana Trial Rule 12(B)(6) is well established:

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. Thus, our review of a trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6) is de novo.
>
> When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief.

*Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604-05 (Ind. 2007) (internal citations omitted). We will affirm the trial court's grant of a motion to dismiss

"if it is sustainable on any theory or basis found in the record." *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998), *trans. denied*.

[11] Attorneys Ripstra, Blazey, Wahl, and Nordhoff claim that Atkins is, in substance, seeking pre-lawsuit discovery without stating any actual facts upon which such discovery could be ordered. We agree. Atkins asserts that this case is "neither a civil lawsuit nor a tort per se . . . but [an action on] a contract/obligation owed to the Appellant." Appellant's Br. p. 24. Under limited circumstances, a person may request court permission to conduct depositions prior to filing suit, but the person must state "the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it." Ind. Trial Rule 27. There is no procedure under the Indiana Trial Rules for pre-lawsuit requests for documents.

[12] Turning to Attorney General Hill, the Indiana Supreme Court has recognized that the Attorney General is protected by absolute immunity for acts reasonably within the general scope of authority granted to prosecuting attorneys. The Court stated as follows in *Foster v. Pearcy*, 270 Ind. 533, 537, 387 N.E.2d 446, 449 (1979), while recognizing the existence of the immunity:

> This decision will insure that the prosecutor will be able to exercise the independent judgment necessary to effectuate his duties to investigate and prosecute criminals and to apprise the public of his activities. It will also allay the apprehensions about harassment of prosecuting attorneys from unfounded litigation which deters public officials from their public duties.

[13]     A review of the record establishes that the acts Atkins alleges were within the general scope of authority granted to the Attorney General. She does not argue that Attorney General Hill has acted maliciously or outside the scope of his employment. Atkins's claims against Attorney General Hill, as alleged, are barred by prosecutorial immunity.

[14]     We conclude that the trial court did not err in dismissing Atkins's claims against all defendants pursuant to Trial Rule 12(B)(6). The judgment of the trial court is affirmed.

Kirsch, J., and Altice, J., concur.