No. 1,836.

## MAY v. ANDERSON.

SLANDER.—*Of Title to Real Estate.—Special Verdict.—Malice.— Appellate Procedure.*—The finding of the jury upon the question of malice in an action for slander of title to real estate will not be disturbed on appeal, where there is evidence on the question, although neither clear nor satisfactory to the appellate court.

SAME.—*Of Title to Real Estate.—Variance.—Allegation of Proof.*— The variances between a complaint for slander of title to real estate, alleging that the plaintiff was in the act of selling the real estate, and that defendant went to the proposed purchaser and spoke the slanderous words for the purpose of stopping the sale and preventing said trade, and proof that plaintiff was in the act of trading the real estate, that the proposed purchaser inquired of defendant, and that the statements were made maliciously and to gratify defendant's ill will toward plaintiff, are not sufficient to call for reversal.

SAME.—*Of Title to Real Estate.—What Constitutes.*—To justify recovery for slander of title to real estate, the statements must be malicious, be untrue, and occasion pecuniary loss to the owner as a necessary, or natural and proximate consequence.

SPECIAL VERDICT. — *Probable Cause.— Slander of Title to Real Estate.*—A special verdict in an action for slander of title to real estate sufficiently finds that the statements were not made with probable cause, by finding facts showing that there was no probable cause.

SAME.—*Law and Fact.—Malicious Statements.*—The finding in an action for slander of title to real estate, that the statements were made maliciously is one of fact and not a conclusion of law.

SAME.—*Slander of Title to Real Estate.— Malice.*—Special findings in an action for slander of title to real estate by statements, that the maker thereof claimed to have a lien on the land for money used in its purchase, that the real estate was not purchased with his money, and that he had no lien on or interest in the real estate, with other facts justifying the inference that they were made maliciously, is sufficient to show that his motive was not reasonable self-protection.

SAME.—*Slander of Title to Real Estate.— Malice.—What Facts Need Not Be Found.*—A special verdict in an action for slander to real estate, that the statements were maliciously made, need not show that the defendant had knowledge of a proposed trade, or that

the value of the land was depreciated, or that the statements were made for the purpose of preventing the trade, depreciating the value, or to injure the owner.

From the Monroe Circuit Court.

*East & Miller* and *Henley & Wilson*, for appellant.

*Louden & Louden* and *Duncan & Bateman*, for appellee.

DAVIS, J.—This was an action instituted by the appellee against the appellant to recover damages for slander of title to real estate. A special verdict was returned on which judgment was rendered in favor of the appellee for $200. Several questions are presented, but we will first consider whether the appellee was entitled to judgment on the special verdict. The complaint is sufficient if the facts found are sufficient to entitle the appellee to recover.

The jury find, in substance, that the real estate was worth $1,000 and that she was in the act of trading it to one Rhorer for $1,200; that while the trade was pending said Rhorer inquired of said appellant if he had any claim on said real estate, and thereupon said May stated, in answer to said inquiry, that he claimed to have a lien on said land; that he claimed that his money was used in the purchase of the land, and that if he, Rhorer, purchased the land May would give him trouble about it, as he intended to bring suit for it; that said statements were not true; that they were false; that said real estate was not purchased with his money; that the appellant had no lien on, or interest in, said real estate; that said statements were made maliciously and to gratify the ill will of the appellant toward the appellee, and that on account of said statements said Rhorer refused to complete the trade.

There is no finding that the appellant had any knowl-

May *v.* Anderson.

edge of the proposed trade between the appellee and Rhorer when he made the alleged slanderous statements. There is no finding that the value of the real estate was depreciated by reason of said statements. There is a finding that the statements were made maliciously, but the jury do not expressly find that the statements were made in order to injure the appellee. Neither is there any finding that the statements were made for the purpose of preventing the trade or for the purpose of depreciating the value of the land, but the jury do find that because of said satements said Rhorer refused to complete the trade. If the trade had been completed the facts show that the appellee would have made $200.

It was necessary, in order to entitle the appellee to recover, that the finding should show that the statements were made maliciously, that they were untrue and that she sustained pecuniary loss as a necessary or as a natural and proximate consequence of the slanderous statements. Townshend on Slander and Libel, page 283, section 205; Odgers' Libel and Slander, page 138; Folkard's Starkie on Slander and Libel, section 128; side paging, 132; *Andrew* v. *Deshler*, 45 N. J. L. 167; *Like* v. *McKinstry*, 41 Barb. 186.

The finding shows that the statements were false, that they were made maliciously and that thereby the completion of the trade was prevented, to her damage in the sum of two hundred dollars. It was not necessary for the finding to show, in addition to the facts found, that the appellee had knowledge of the proposed trade, or that the value of the real estate was depreciated, or that the statements were made for the purpose of preventing the trade or for depreciating the value of the land, or that they were made in order to injure the appellee. All that the appellee was required

to allege and prove on this question was that the statements set out in the finding were made maliciously, or with an intent to injure the appellee, that they were false and that the pending trade, in which she would have made $200 if completed, was thereby prevented. Maliciously means, "with deliberate intention to injure." Addison's Dict. of Law.

In this case the statements are found to have been made maliciously and to gratify the ill-will of the appellant towards the appellee.

The findings that the real estate was not purchased with appellant's money and that he had no lien on, or interest in, said real estate, were in connection with the other facts, found sufficient to show that the motive in making the statements was not reasonable self-protection. The facts found are sufficient to justify the inference by the jury that the statements were made maliciously. *Van Tuyl* v. *Riner*, 3 Ill. App. 556.

If they were made maliciously, they were made with the deliberate intention to injure the appellee, and if his money was not used in the purchase of the real estate, and if he had no lien on, or interest in, the real estate, his statements were, under the circumstances, made without probable cause. If the jury had found that the statements were made with an intent to injure the appellee it would only have been another form of expressing the fact that the statements were made maliciously. The finding that the statements were made maliciously was the finding of a fact and not a conclusion of law. It was, as we have seen, the equivalent of saying that the statements were made with the deliberate intention to injure the appellee. There was no express finding that the statements were made without probable cause. Assuming that it was essential for the appellee to aver and prove that the state-

ments were made without probable cause, and that the verdict should include a finding to that effect, the verdict is sufficient for the reason stated, that the facts found are, in substance and to the effect, that the statements were made without probable cause. A finding in the words, "without probable cause," would be more in the nature of a conclusion than the statement of a fact. The question of probable cause is ordinarily one for the court. *Pennsylvania Co.* v. *Weddle*, 100 Ind. 138. In our opinion the finding sufficiently shows that the statements were made maliciously and without probable cause.

The allegation in the complaint is that the appellee was "in the act of selling" the real estate, while the finding shows that she was "in the act of trading" the real estate.

It is also alleged in the complaint that the appellant went to Rhorer and spoke the alleged slanderous words, while the verdict finds that Rhorer inquired of the appellant, etc.

Again, the allegation is that the statements were made maliciously for the "purpose of stopping said sale and preventing said trade," while the finding is that said statements "were made maliciously and to gratify the ill will of the defendant towards the plaintiff," etc.

Counsel for appellant contend that these and other similar variations constitute fatal variance or failure of proof.

This question is fully discussed by Judge Gavin in *Steinke* v. *Bentley*, 6 Ind. App. 663, and following the decision in that case the variances referred to are not, in our opinion, of a character to justify a reversal.

There was no error in rendering judgment in favor of appellee on the verdict. It is next insisted that the

verdict is contrary to the evidence, that it is not sustained by sufficient evidence, that it is contrary to law.

The contention is that the evidence wholly fails to prove that the statements were maliciously made and that there is total failure to prove a want of a probable cause.

There was evidence fairly tending to prove that no money of the appellant, nor any money secured of him or through his aid, was ever invested in the land.    The facts and circumstances were such as to reasonably justify the inference that he had no lien on, or interest in, the real estate.

On the question of malice, the evidence is neither clear nor satisfactory.   The impression made on our minds from reading the record in the light of the appellant's theory of the case is that appellant had reason to believe that the money secured on the note indorsed by him for appellee's husband was used in the purchase of the land, and that he was in good faith in the assertion that he had a lien on, or interest in, said real estate, but we notice that he was contradicted by appellee's husband, and, also, that in previous attempts in court to enforce his supposed lien he had not been successful, and there were other circumstances proper for the consideration of the jury.   Although the evidence is neither clear nor satisfactory to us, we cannot say, under the circumstances, that there was no evidence on the question of malice.   *Like* v. *McKinstry, supra,* page 193; *Andrew* v. *Deshler, supra,* pages 170, 171.

We find no reversible error in the record.

Judgment affirmed.

Filed January 31, 1896.