**DISPLAY FIXTURES COMPANY, A DIVISION OF STEIN INDUSTRIES, INC., a Minnesota Corporation, Appellant (Plaintiff-Counter Defendant Below),**

v.

**R.L. HATCHER, INC., d/b/a Cramer's Liquors, Appellee (Defendant Below),**

**Mercantile National Bank as Trustee of Trust No. 2799, Appellee (Defendant-Counter Claimant Below).**

No. 3–781A184.

Court of Appeals of Indiana, Third District.

July 29, 1982.

Spangler, Jennings, Spangler & Dougherty, P. C., Merrillville, for appellant; Robin D. Pierce, Merrillville, of counsel.

John E. Leeney, Alfred R. Uzis, Leeney & Uzis, Hammond, for appellee Mercantile Nat. Bank, as Trustee of Trust No. 2799.

STATON, Judge.

Display Fixtures Company appeals the trial court's judgment for Mercantile National Bank on its counterclaim for slander of title, malicious prosecution, and abuse of process. On appeal, Display raises the following issues:

(1) Are the trial court's conclusions of law and judgment supported by its special findings of fact?

(2) Are the findings of the trial court supported by sufficient evidence?

(3) Did the trial court err in awarding compensatory and punitive damages in favor of Mercantile?

Affirmed.

Display Fixtures Company (Display) sold and delivered certain equipment to a liquor store operated by R. L. Hatcher, Inc. (Hatcher). Hatcher leased the store from John and Pat McLaughlin (McLaughlins), the beneficial owners under a trust of which Mercantile National Bank (Mercantile) was trustee. Display filed a complaint in two counts against Hatcher and Mercantile. Display alleged that Hatcher had failed to pay $23,462.72 pursuant to a contract between Display and Hatcher. Display further alleged that it was entitled to foreclosure of a mechanics lien against Mercantile and anyone claiming through or under Mercantile. Following the filing of the mechanics lien, Mercantile advised Display by letter that the effect of filing the lien was to make it impossible for Mercantile to borrow funds to pay its construction costs of $46,322.31. Display did not release the lien.

The trial court granted Display a judgment against Hatcher of $22,418.72 plus attorney fees of $4,483.74. The trial court found no valid mechanics lien and ruled against Display on that issue.[1] Mercantile then gave evidence on a counter claim against Display, and the trial court ultimately found for Mercantile, stating its conclusions of law as follows:

"1. That the law is with the Counterclaimant and against the Counterdefendant.

"2. That the Counterdefendants, Display Fixtures wrongfully caused a lien to be recorded against the real estate of the Counterclaimant and an action to be wrongfully filed and maintained to foreclose such lien against the real estate of Counterclaimant.

"3. That the actions of the Counterdefendant in filing its lien and instituting and maintaining this action were wilful and malicious and without probable cause.

"4. That as a result of the wrongful acts and abuse of process by the Counterdefendant, the Counterclaimant's title was slandered and it was forced to successfully defeat an action maliciously prosecuted by the Counterdefendant and the Counterclaimant is entitled to

---

1. Mechanics liens may be filed in Indiana pursuant to Ind.Code 32–8–3–1, which allows persons furnishing materials for the altering or repairing of any building to have a lien upon the building for which they furnished the materials and on the interest of the owner of the land on which it stands to the extent of the value of any material furnished. Pursuant to Ind.Code 32–8–3–3, the mechanics lien must be properly filed in the recorder's office within 60 days after the furnishing of the last of any materials described in Ind.Code 32–8–3–1. The 60 day period for the filing of the lien may not be extended through the performance of some act incidental to the original work. *Gooch v. Hiatt* (1975), 166 Ind.App. 521, 337 N.E.2d 585. To be within the lien statute, materials must be reasonably necessary to the altering or erection of the structure. *Hough v. Zehrner* (1973), 158 Ind.App. 409, 302 N.E.2d 881. Materials must also be attached as permanent fixtures and must not be essentially personal in nature, absent the intention that they are to be attached as permanent fixtures. *Mann v. Schnarr* (1950), 228 Ind. 654, 95 N.E.2d 138, 142.

A long line of cases in Indiana has held that a mechanics lien can only attach to a titleholder's interest when materials used on the real estate were furnished under the authority and direction of the title holder. Something more than inactive consent by such owner is necessary. *Miles Homes of Indiana v. Harrah Plumbing* (1980), Ind.App., 408 N.E.2d 597, 600; *Woods v. Decklebaum* (1963), 244 Ind. 260, 191 N.E.2d 101. This Court has found a mechanics lien may attach if the owner of the real estate has been active and instrumental in having the improvements made. *American Islam Society v. Bob Ulrich Decorating* (1956) 126 Ind.App. 266, 132 N.E.2d 620, 622.

a Judgment in the amount of $14,-867.44 for actual and compensatory damage, and in the amount of $2,000.00 as punitive damages."

### 1.

### Conclusions of Law

Display requested special findings of fact pursuant to Ind. Rules of Procedure, Trial Rule 52(A). The purpose of special findings is to provide the parties and the reviewing courts with the theory on which the judge decided the case so that the right of review for error may be effectively preserved. *Economy Leasing Co., Ltd. v. Wood* (1981), Ind.App., 427 N.E.2d 483, 485; *In Re the Marriage of Miles* (1977), 173 Ind.App. 5, 8, 362 N.E.2d 171, 174. The Court on appeal shall "not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." TR. 52. The findings or judgment of the trial court will be found clearly erroneous only when a review of all the evidence discloses a definite and firm conviction that the trial court erred. *Kincaid v. Lazar* (1980), Ind.App., 405 N.E.2d 615, 618. This Court examines only the evidence most favorable to the trial court's findings, neither weighing the evidence nor judging the credibility of the witnesses. If there is sufficient evidence of probative value to sustain the decision of the trial court, the decision is to be affirmed. *Bird v. Del. Muncie Metropolitan Plan Com'n.* (1981), Ind.App., 416 N.E.2d 482, 486.

Display contends that the findings do not support the conclusion that it is guilty of malicious prosecution, slander of title, and abuse of process. The essential elements of malicious prosecution are well established in Indiana. The plaintiff has the burden of proving that: the defendant instituted or caused to be instituted a prosecution against the plaintiff; the defendant acted with malice in doing so; the prosecution was instituted without probable cause;

and the prosecution terminated in the plaintiff's favor. *Wong v. Tabor* (1981), Ind. App., 422 N.E.2d 1279, 1283; *Satz v. Koplow* (1979), Ind.App., 397 N.E.2d 1082.

Probable cause has been defined as the apparent state of facts found to exist upon reasonable inquiry which would induce a reasonable, intelligent, and prudent man to bring an action. *People's Bank and Trust Co. v. Stock* (1979), Ind.App., 392 N.E.2d 505, *trans. denied*, 403 N.E.2d 1077. Malice can be inferred from a total lack of probable cause or from a culpable omission to make a suitable and reasonable inquiry. *People's Bank, supra* at 510.

The essential elements in a slander of title action are that false statements were made, with malice, and that the plaintiff sustained pecuniary loss as a necessary and proximate consequence of the slanderous statements. *Harper v. Goodin* (1980), Ind.App., 409 N.E.2d 1129, 1134; *May v. Anderson* (1895), 14 Ind.App. 251, 42 N.E. 946. Malice is publishing matter with knowledge that it is false or with reckless disregard as to whether it is false or not. *Harper, supra* at 1135; *Cockran v. Indianapolis Newspapers, Inc.* (1978), Ind.App., 372 N.E.2d 1211.

The evidence most favorable to Mercantile was that the contract between Display and Hatcher denominated the ordered equipment as personal property; that there was testimony by a Display employee that the shipment of the metallic letters (on which Display relied for the timely filing of its lien) was not part of the basic contract and was a separate and independent contract; that the McLaughlins did not discuss furnishing the interior of the structure with Hatcher or Display; that Display never tried to determine the date on which the metallic letters were shipped; and that Mercantile sustained pecuniary loss as a result of the filing of the mechanics lien. From this evidence, the trial judge could have inferred there was no probable cause to file a mechanics lien.[2] Malice could be inferred from Display's failure to make rea-

---

**2.** See our discussion of mechanics liens at footnote 1, *supra*.

sonable inquiry regarding facts dispositive of the question of whether there could be a valid mechanics lien filed.

■ Abuse of process requires a finding of misuse or misapplication of process, for an end other than that for which it was designed to accomplish. The purpose for which the process is used is the *only thing* of importance. *Barrow v. Weddle Bros. Construction* (1974), 161 Ind.App. 601, 316 N.E.2d 845, 854; *Brown v. Robertson* (1950), 120 Ind.App. 434, 92 N.E.2d 856, 868.

■ The trial judge could have inferred a misuse of process from a finding of lack of probable cause to originally file the lien. The counterclaim specifically alleged that Display knew no valid lien existed, and the sole purpose in filing the mechanics lien was to induce Mercantile as lessor to pressure Hatcher to pay the obligation owed to Display. The evidence most favorable to Mercantile could sustain a finding that no lien could have been lawfully filed against Mercantile, and that there was an ulterior motive for the filing.

■ Display relies on the defense of advice of counsel. To establish the defense, a defendant must show that before commencement of the original action, he honestly and in good faith sought the advice of a reputable attorney to whom he gave a full and fair statement of all material facts. *Satz, supra* at 1086; *People's Bank, supra* at 509. From the evidence most favorable to Mercantile, the trial judge could have found that Display did not give a full statement of all material facts in good faith. The trial court did not err.

## 2.

### Sufficiency of the Evidence

■ On appeal, special findings of fact will not be disturbed so long as there is evidence of probative value to support them. *Glasgo v. Glasgo* (1980), Ind.App., 410 N.E.2d 1325, 1331. The court will consider only the evidence most favorable to the appellee and all reasonable inferences therefrom.

■ Display contends there is insufficient evidence to support finding no. 8 which states that Display never tried to determine the date certain letters were shipped. Display's counsel admitted to the trial court that he did not have any confirmation of a date when the article was shipped or delivered. We agree with the trial court's finding.

Display also alleges there was insufficient evidence to support finding no. 25, which states that the materials and services furnished by Display were not furnished under the authority or direction of Mercantile or the McLaughlins. The only evidence on this issue was that McLaughlin was rarely present when the interior of the liquor store was being furnished by Display; that there was no discussion between Hatcher and McLaughlin regarding the interior of the store; that McLaughlin saw the installation of some equipment by Display; that McLaughlin's contractor installed some interior paneling for Hatcher; and that McLaughlin entered into a new lease with Hatcher for a larger store. We agree with the special findings.

■ Display contends generally that the decision and judgment are not supported by sufficient evidence. Pursuant to Appellate Rule 8.3(A)(7), any allegation of error must be supported with an argument which includes citation to the part of the record relied upon. Any error based on insufficiency of the evidence for any finding not already discussed herein is considered waived for failure to comply with AP. 8.3(A)(7).

## 3.

### Damages

■ Display alleges error in the awarding of punitive damages. Display properly states that actual malice must be shown to support the granting of punitive damages. *Harper, supra* at 1135; *Woenig v. Wood* (1976), 169 Ind.App. 413, 349 N.E.2d 235. As we have already noted, malice could have been inferred from the evidence of record.

Display contends it was error to award compensatory damages to Mercantile because the McLaughlins, the beneficial owners, were neither counter claimants nor a party, and there was no proof that damages sustained by the McLaughlins were sustained by Mercantile.

Ind.Code 30–4–3–15 provides:

"The trustee may maintain his representative capacity a civil action for any legal or equitable remedy against a third person that he could maintain in his own right if he were the owner."

Ind.Rules of Procedure, Trial Rule 17(A)(1) allows a trustee to:

"sue in his own name without joining with him the party for whose benefit the action is brought, but stating his relationship and the capacity in which he sues."

The McLaughlins do not have to be a party in this action. Mercantile, as trustee, rightfully brought the action without adding the McLaughlins as a party.

McLaughlin testified that he and his wife were the beneficial owners of Trust No. 2799, of which Mercantile National Bank was Trustee. The record discloses that damages clearly were sustained by the McLaughlins as beneficial owners of the trust property. McLaughlin testified: that construction was done on the trust property; that he applied for a second mortgage to finance the construction costs of $46,-322.31; that the second mortgage was denied because of the mechanics lien wrongfully placed upon the trust property; and that he currently owes the construction company $54,141.99 ($8,819.81 more than would have been owed if paid timely, due to the 1½% monthly finance carrying charge of the construction company). The evidence also disclosed that when McLaughlin first applied for a second mortgage the interest rate was 9½%, but that after the mechanics lien was removed the interest rates had risen to 13%. Computations were introduced showing that the net interest

differential between the two mortgage rates had a present value of $5,458.26. There was evidence that Mercantile's attorney fees for defending this action were $3,500. There is clearly evidence of probative value to show that damages were sustained in the amount of $14,867.44.[3]

Display contends there is no evidence that damages of the McLaughlins, as beneficial owners, were also sustained by Trustee Mercantile. Though Display cited two authorities in its argument on this issue, neither case addresses the question at issue. Display thus has waived the appeal of this issue. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). We note that Display did not object at trial to the introduction of evidence on damages by McLaughlin. Display's attorney stated at trial:

"There has been no evidence that can justify anything in the neighborhood of punitive damages, which I believe he's prayed for.

"The only evidence is that as a result of the mechanic's lien, which encumbers the property, Mr. McLaughlin was unable to obtain some financing and suffered allegedly some damages as a result thereof, and I have no quarrel with that.

"I have no doubt that he was not able to obtain financing and that sort of thing.

"The fact of the matter is though there has been no showing of malice, been no showing of any intent to injure Mr. McLaughlin."

Affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.

---

**3.** There was also evidence that Display sold shelving valued at $5,000 to the McLaughlins for $2,000.