INDIANA STATE POLICE, c/o John T. Shettle, Superintendent, and State of Indiana, Defendants-Appellants,

v.

Roger MAY and Jackie May, Plaintiffs-Appellees.

No. 1-584A119.

Court of Appeals of Indiana, First District.

Oct. 23, 1984.

Rehearing Denied Nov. 30, 1984.

Linley E. Pearson, Atty. Gen. of Ind., Kenneth M. Wahnsiedler, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

Ronald J. Hocker, Vevay, for plaintiffs-appellees.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant, State of Indiana (State), appeals a judgment entered on a jury verdict in favor of plaintiff-appellees, Roger May and Jackie May (Mays), in the Switzerland Superior Court in Mays' action for damages to their home.

We reverse.

## STATEMENT OF THE FACTS

Fleeing murder suspect, Raymond McClellan took refuge in Mays' home with three hostages, including Roger May. An Indiana State Police SWAT team surrounded the home, fired cannisters of tear gas into it, caused the hostages to be released, and captured McClellan, but in the process damaged the May home. The damage consisted of fire damage and tear gas odor. The jury awarded the Mays $2,500.00 in damages.

## DISCUSSION AND DECISION

The sole issue on appeal is whether the State is immune from liability under the immunity section of the Tort Claims Act, IND. CODE 34-4-16.5-3(7), which grants immunity to a public body for torts committed while enforcing a law.

We are of the opinion that *Seymour National Bank v. State*, (1981) Ind., 422 N.E.2d 1223, on reh. 428 N.E.2d 203, indicates the results to be reached here. In *Seymour*, a State Trooper, while pursuing a fleeing suspect at high speed, was involved in an accident fatal to a third party. The Supreme Court held that the State was

immune from suit under IND. CODE 34–4–16.5–3(7). *Seymour, supra,* at 1226. *See also Livingston v. Consolidated City of Indianapolis,* (1979) Ind.App., 398 N.E.2d 1302 (transfer denied) (Tort Claims Act grants immunity in malicious prosecution action); *Jacobs v. City of Columbus,* (1983) Ind.App., 454 N.E.2d 1253 (transfer denied) (State is immune under IND. CODE 34–4–16.5–3(7) in defamation action for questions asked and statements made during the investigation of a poisoning.) We find no distinguishing characteristics in this case which would remove it from the rule enunciated in the above authorities.

Mays' attempt to distinguish *Seymour* on the basis of negligence versus intentional tort is without merit. We point out that intentional conduct was involved in the malicious prosecution suit and the defamation suit. Mays' further argument, citing eminent domain cases, that the acts of the police amount to a taking is without merit. This conduct is in the nature of tort.

For the above reasons, this cause is reversed and the trial court is directed to enter judgment for the State of Indiana.

Judgment reversed.

ROBERTSON, and RATLIFF, JJ., concur.