The BOARD OF COMMISSIONERS OF HENDRICKS COUNTY, and Gary S. Rogers, Sanitarian, Defendants-Appellants,

v.

James KING, Plaintiff-Appellee.

No. 1–185 A 16.

Court of Appeals of Indiana, First District.

Aug. 19, 1985.

Arthur R. Welling, Jr., Danville, for defendants-appellants.

Wayne L. Stalcup, Brownsburg, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

The Board of Commissioners of Hendricks County and Gary S. Rogers (appellants) appeal from the entry of a judgment by the Hendricks Circuit Court following a verdict for James King on his complaint for malicious prosecution. We reverse.

## FACTS

On March 17, 1981, Gary S. Rogers (Rogers), Hendricks County Sanitarian, acting upon complaints of a landowner, conducted tests on the landowner's property which showed the presence of a high degree of sewage in the water. At this time, Rogers discovered that neighboring landowner James King (King) had not installed a septic system. By letter, Rogers informed King of the need for an appropriate septic system. Through investigation and information provided by the contractor, Rogers later learned that King had installed a sewage system. Rogers, by letter, informed King of his need to obtain a permit and inspection of the system. Upon receiving no reply, Rogers informed the Prosecuting Attorney of the violation.

On December 10, 1981, a criminal prosecution was commenced in the Hendricks Superior Court II against James King for violation of the Hendricks County Private Sewage Disposal Ordinance (the Ordinance). The violation resulted from King's installation of the sewage disposal system on his property without the required permit or inspection. The prosecution was commenced on behalf of the Board of Commissioners of Hendricks County (Board of Commissioners), a legally constituted governmental entity, by the Prosecuting Attorney of the 55th Judicial District of the State of Indiana. Upon the filing of the information and the probable cause affidavit, the Hendricks Superior Court issued a criminal summons for the appearance of King. However, the prosecution was dismissed by the State when no records could be found that the Hendricks County Private Sewage Disposal Ordinance was properly adopted by the County.

James King then brought an action in the Hendricks Circuit Court against the Board of Commissioners and Rogers for

malicious prosecution.[1] At trial, King admitted to having installed the sewage disposal system without a permit. On September 28, 1984, after a bench trial, the court returned a verdict in King's favor. The trial court cited lack of probable cause and failure on the part of Rogers to make a suitable inquiry as indicative of malice. The court entered judgment in King's favor in the amount of $2,368.00. Appellants then perfected this appeal.

## ISSUE

Was the trial court's decision contrary to law for the reason that the County and the Sanitarian are immune from liability for malicious prosecution under the Indiana Tort Claims Act? [2]

## DISCUSSION AND DECISION

■ The essence of a malicious prosecution action rests on the notion that a plaintiff has been improperly subjected to a legal process. *Treloar v. Harris* (1917), 66 Ind.App. 59, 67, 117 N.E. 975, 978. In a malicious prosecution action the plaintiff must prove:

1. the defendant instituted or caused to be instituted a prosecution,

2. the defendant acted with malice,

3. the defendant acted without probable cause,

4. the prosecution was terminated in the plaintiff's favor.

*Livingston v. Consolidated City of Indianapolis* (1979), Ind.App., 398 N.E.2d 1302, 1304; *Display Fixtures Co. v. R.L. Hatcher, Inc.* (1982), Ind.App., 438 N.E.2d 26, 30; *McQueen v. City of Indianapolis* (1980), Ind.App., 412 N.E.2d 138, 139–40; *Satz v. Koplow* (1979), Ind.App., 397 N.E.2d 1082, 1084, *trans. denied.* The record clearly indicates that the appellants caused to be instituted the action against King and that

the action was terminated in his favor. The appellants argue, however, that their actions were not malicious due to governmental immunity and the existence of probable cause for issuance of the criminal summons.

■ Malice may be inferred from a total lack of probable cause or from failure to make a reasonable or suitable inquiry. *F.W. Woolworth Co. v. Anderson* (1984), Ind.App., 471 N.E.2d 1249, 1254, *trans. denied; Display Fixture*, at 30; *McQueen*, at 140; *Satz*, at 1085. "Probable cause for the institution of a criminal prosecution exists where the facts found on reasonable inquiry would induce a reasonably intelligent and prudent person to believe that the accused had committed the crime charged." *McQueen*, at 140. The evidence favorable to the trial court judgment indicates that King admitted installing the sewage system without a permit. In addition, Rogers was informed by the contractor of the installation of the sewage system. Rogers also noticed the overturned earth on the property of the appellee as he tested the neighboring property for sewage. Furthermore, King did not respond when Rogers, by letter, informed him of the need for a permit and inspection of the system.

■ These facts demonstrate the existence of probable cause for the issuance of the criminal summons. Relying on the observations and actions of Rogers as well as the information provided to him, Rogers and the Board of Commissioners met the standards of reasonableness and prudence required. In issuing the criminal summons, therefore, the appellees did not lack the probable cause from which malice can be inferred. Consequently, King fails to prove one of the elements necessary for an action of malicious prosecution.

■ The appellants assert that they are immune from an action for malicious prose-

---

1. King's complaint also alleged false arrest, false imprisonment, and defamation of character. The trial court held that King had failed to prove the elements of these theories of law, stating that a criminal summons is not the equivalent of being arrested.

2. The appellants also raise the question whether the trial court erred in finding a lack of probable cause to issue the criminal summons. This issue is intertwined with the elements required to prove an action for malicious prosecution and will therefore be discussed in that context.

cution under the Indiana Tort Claims Act. Indiana Code section 34–4–16.5–3 (Burns Supp.1985). The policy underlying the statute is to protect public officials in the performance of their duties by preventing harassment by threats of civil litigation over decisions they make within the scope of their position. *Jacobs v. City of Columbus* (1983), Ind.App., 454 N.E.2d 1253, 1261, *trans. denied; State Department of Natural Resources v. Taylor* (1981), Ind. App., 419 N.E.2d 819, 823, *trans. denied.* By limiting their damages in tort, the statute also protects the fiscal integrity of governmental bodies. *Thompson v. State* (1981), Ind.App., 425 N.E.2d 167, 174, *cert. dismissed.* The importance of permitting governmental entities to exercise their judgment has necessitated the extension of the statute to cover most government employees. *Hedges v. Rawley* (1981), Ind. App., 419 N.E.2d 224, *trans. denied.* Therefore, if immunity exists the governmental body and its employees are not liable. *Department of Natural Resources,* at 823; *Indiana State Police v. May* (1984), Ind.App., 469 N.E.2d 1183, 1184; *Jacobs,* at 1254; *see also Foster v. Pearcy* (1979), 270 Ind. 533, 536, 387 N.E.2d 446, 450, *cert. denied,* 445 U.S. 960, 100 S.Ct. 1646, 64 L.Ed.2d 235, (1980).

The immunity section of the Indiana Tort Claims Act lists fifteen instances wherein governmental bodies retain immunity. Ind. Code § 34–4–16.5–3 (Burns Supp.1985). The pertinent subsections for this case provide:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

. . . .

(5) The initiation of a judicial or administrative proceeding;

(6) The performance of a discretionary function;

(7) The adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment;

(8) An act or omission performed in good faith and without malice under the apparent authority of a statute which is invalid, if the employee would not have been liable had the statute been valid[.]"

The parties have agreed that the Board of Commissioners is a legally governing entity and that Rogers is a government employee who was acting within his capacity as Hendricks County Sanitarian.[3] Therefore, the question to be decided is whether the Board of Commissioners and Rogers are immune from suit under the Tort Claims Act.

Subsection five provides that a governmental entity or employee is not liable for losses resulting from "[t]he initiation of a judicial or administrative proceeding[.]" The phrase "initiation of a judicial proceeding" has been defined to include bringing charges before a public official requiring determination whether process should or should not be issued. *Livingston,* at 1305. A judicial proceeding is defined as one "for the purpose of obtaining such remedy as the law allows." *Treloar,* 66 Ind.App. at 68, 117 N.E. at 978. Moreover, under subsection five, state and municipal subdivisions have been granted immunity from actions for malicious prosecution. *Livingston,* at 1306.

---

**3.** Indiana Code section 35–4–16.5–2 provides definitions for application of the immunity section stating:

"As used in this chapter:

(1) 'Employee' and 'public employee' means a person presently or formerly acting on behalf of a governmental entity whether temporarily or permanently or with or without compensation, including members of boards, committees, commissions, authorities and other instrumentalities of governmental entities, and elected public officials, but does not include an independent contractor or an agent or employee of an independent contractor;

"(2) 'Governmental entity' means the state or a political subdivision of the state;

. . . .

"(5) 'Political subdivision' means a:

(i) County,

. . . .

(x) Board or commission of one [1] of the entities listed in clauses (i) through (ix), of this subdivision[.]"

■ Therefore, the appellants are immune from King's action for malicious prosecution. The commencement of criminal prosecution and issuance of the criminal summons amounted to initiation of a judicial proceeding by a governmental entity. The appellant's actions, therefore, fall under subsection five of the immunity section. In addition, under Indiana case law subsection five protects states and municipal subdivisions from actions for malicious prosecution. Consequently, the trial court erred in holding the Board of Commissioners and Rogers liable for malicious prosecution.

■ Subsections six, seven, and eight of this section provide additional immunity to governmental entities or employees acting within the scope of their authority. Clause six grants an employee the freedom to make discretionary decisions necessary to the effective administration of his or her job. *See Foster v. Pearcy* (1979), 270 Ind. 533, 387 N.E.2d 446, *cert. denied,* 445 U.S. 960, 100 S.Ct. 1646, 64 L.Ed.3d 235 (1980). Subsection seven provides broad immunity from all torts, except false arrest or false imprisonment, to enable effective enforcement of the law. *See Indiana State Police v. May* (1984), Ind.App., 469 N.E.2d 1183. Finally, subsection eight protects a government employee from suit for enforcing an invalid law if the employee would not have been liable had the law been valid. This subsection requires the employee to act in good faith and without malice. As we noted earlier, Rogers and the Board had probable cause when they initiated the action against King. Furthermore, there is no evidence in the trial record to indicate any personal malice on the part of Rogers. Clearly, the appellants are also protected from suit under this clause.

The Tort Claims Act provides immunity for specific governmental actions to permit officials to perform their duties without fear of suit. Specifically, subsection five provides immunity to State and municipal subdivisions in actions for malicious prose-

cution. We therefore reverse the judgment of the trial court.

NEAL and ROBERTSON, JJ., concur.