CITY OF GARY, Richard Gordon Hatcher, Mayor of Gary, Virgil L. Motley, and Frederick P. Kowsky, Chiefs of Police, Appellants (Defendants Below),

v.

Demuth KELLOGG, John W. Richardson, Hervey Burnett, and Mary Wilusz, et al., Appellees (Plaintiffs Below),

and

John Shettle, Superintendent of State Police, Appellee (Defendant Below).

No. 3–983–A–291.

Court of Appeals of Indiana, Third District.

Feb. 17, 1988.

Rehearing Denied April 7, 1988.

John P. Price, Jon D. Krahulik, Joseph H. Hogsett, Dan J. Carwile, Grace M. Curry, Bingham Summers Welsh & Spilman, Indianapolis, for appellants.

Hilbert L. Bradley, Terry C. Gray, Gary, J. Michael Katz, Katz Brenman & Angel, Merrillville, for appellees.

STATON, Judge.

The City of Gary, its former mayor, two police chiefs, and the Superintendent of the Indiana State Police (hereinafter collectively referred to as the "City") were defendants in a class action suit. The plaintiffs (hereinafter referred to as the "Citizens") contended that a City policy which denied them blank handgun application forms created a cause of action for damages under 42 U.S.C. § 1983 and Ind.Code 35–23–4.1–5 (now codified at Ind.Code 35–47–2–3), the Indiana Firearms Act. After a jury trial, a

verdict was returned against the City. Its appeal to this Court presents numerous issues for review. Because this court reverses the judgment of the trial court, the only issue addressed is whether the Citizens' cause of action was procedurally barred by their failure to comply with the Indiana Tort Claims Act, Ind.Code 34–4–16.5–12 (the Act).

Reversed.

The pertinent facts in this case are not disputed, and they have been previously reported in *Motley v. Kellogg* (1980), Ind. App., 409 N.E.2d 1207, 1208–09, *trans. den.* In *Motley*, the Court of Appeals affirmed a preliminary injunction prohibiting the City from further withholding handgun license applications. In the instant case, the relief sought was damages.

As its title implies, the Act applies to tort claims. Ind.Code 34–4–16.5–1. For tort claims against a political subdivision of the state, it provides that claims will be barred unless proper notice is given within one hundred eighty days. Ind.Code 34–4–16.-5–7 (Supp.1987). It also provides that within ninety days after notice, the governmental entity must approve or deny the claim in writing or it is automatically denied. Ind.Code 34–4–16.5–10. Too, a person may not initiate suit unless a claim has been denied in whole or in part. Ind.Code 34–4–16.5–12.

The Citizens complied with the notice requirement, but they did not wait until their claim had been denied before initiating suit. The City raised this violation as a defense, but the trial court ruled that the Act did not apply.

■ It has often been reported that the purpose of the Act is to provide an opportunity for the State to investigate, determine liability, and prepare a defense to the claim. *Burggrabe v. Board of Public Works* (1984), Ind.App., 469 N.E.2d 1233, 1235–36, *trans. den.* The Act also protects the fiscal integrity of governmental bodies by limiting tort damages. *Board of Commissioners of Hendricks County v. King* (1985), Ind.App., 481 N.E.2d 1327, 1330. Since the Citizens' claim was one for monetary damages sounding in tort, it was error for the trial court not to apply the Act. Moreover, the plain language of the Act provides that no tort suit can be initiated until a claim has been denied, and failure to comply with a procedural requirement can be raised as a defense in a responsive pleading. *Galovick v. State* (1982), Ind.App., 437 N.E.2d 505, 507, *reh. den.* This failure can act as a jurisdictional bar to any tort action, regardless of whether the political subdivision otherwise had knowledge of the incident giving rise to the asserted tort claim. *Warfield v. Adams* (D.C.Ind.1984), 582 F.Supp. 111, 120. The Citizens' failure to comply with the Act was fatal to its claim and the City's motion for partial summary should have been granted.

■ The Citizens argue that they do not have to comply with the Act because they have alleged a federal claim under 42 U.S.C. § 1983. This argument is without merit.

In *Indiana Department of Public Welfare v. Clark* (1985), Ind.App., 478 N.E.2d 699, 702, *trans. den., cert. den.,* 476 U.S. 1170, 106 S.Ct. 2893, 90 L.Ed.2d 980, this Court, in an opinion written by Chief Judge Ratliff, held that the Act establishes procedural precedents that must be fulfilled before filing in state courts. When a litigant chooses a state court forum, the procedural framework of the Act overrides those of § 1983.

Accordingly, the judgment of the trial court is reversed.

GARRARD, P.J., and HOFFMAN, J., concur.