Melvin MORRIS, Dr. Robert Dawson, Dr. Charles Comer, Dr. Jerry Henderson, Jr., James Peterson and Harbor Investment Associates, Appellants–Defendants/Counter–Claimants,

v.

G. RASSEL, INC. and Gary H. Rassel, Appellees–Plaintiffs/Counter–Defendants.

No. 45A03–9004–CV–159.

Court of Appeals of Indiana, Third District.

Aug. 12, 1991.

Zena D. Crenshaw, East Chicago, for appellants.

Lynn Hammond, Hand Muenich Wilk & Reid, Highland, for appellees.

HOFFMAN, Judge.

Appellants-defendants/counter-claimants appeal the denial of their motions for summary judgment.

The facts relevant to this appeal disclose that G. Rassel, Inc. ("Rassel") filed a complaint against appellants-defendants/counter-claimants (collectively, "Harbor") and three other defendants, Lake County Rehabilitation Center, First National Bank of East Chicago, and the Foundation for Comprehensive Mental Health, Inc. These latter three defendants are not involved in this appeal. Rassel's complaint against Harbor was in two counts, to foreclose on its mechanic's lien and for unjust enrichment. Rassel was seeking to recover payment of renovation work done at the Lake County Rehabilitation Center in the amount of $128,145.00 plus interest.

Harbor filed its answer and a four count counter-claim which added Gary Rassel individually. The counter-claims alleged slander of title, malicious prosecution, and abuse of process.

The trial court bifurcated the proceedings and a trial was held on the issue of the

mechanic's lien. In a general judgment, the trial court found in favor of Harbor and against Rassel.

Harbor subsequently filed for summary judgment on the issue of unjust enrichment and on its counter-claims. After a short hearing, the trial court denied the motions. The cause then proceeded to trial immediately after the hearing. After trial, the trial court held that Lake County Rehabilitation Center was responsible for the balance due Rassel. Thus, Harbor prevailed at trial on the issue of unjust enrichment. The trial court then denied Harbor's claims for slander of title, malicious prosecution and abuse of process.

A summary of the history of the Lake County Rehabilitation Center is necessary. Harbor is a partnership that was formed in the early 1970's. It initially consisted of six partners, but is now comprised of James Peterson, Melvin Morris, Dr. Robert Dawson, Dr. Charles Comer and Dr. Jerry Henderson. This partnership constructed the "McCook Facility" and owns that property located at 5025 McCook, East Chicago, Indiana.

The East Chicago Rehabilitation Center, Inc. ("ECRC") commenced operations in 1973, operating the East Chicago Rehabilitation Center in the McCook facility. Its board of directors consisted of the members of Harbor. The members of Harbor also leased equipment to ECRC through its corporation, West Calumet Associates ("WCA").

The Foundation for Comprehensive Mental Health Care, Inc., ("Foundation") formed and incorporated the Lake County Rehabilitation Center ("LCRC") on December 30, 1983 as an Indiana not-for-profit corporation. LCRC was incorporated to operate the East Chicago Rehabilitation Center. However, LCRC did not commence operation of the nursing care facility until July of 1986.

Rassel, an Indiana Corporation engaged in the business of interior decorating and design, began its work for LCRC in mid-summer 1986. (Prior to that time, Rassel had also performed work for the Foundation, which is not the subject of this litiga-tion.) Rassel's extensive renovation work totalled $128,145.00.

Harbor argues three issues on appeal:

(1) whether the trial court erred in denying Harbor's motion for summary judgment on Rassel's claim for unjust enrichment;

(2) whether the trial court erred in denying Harbor's motion for summary judgment on its claim for slander of title;

(3) whether the trial court erred in denying Harbor's motion for summary judgment on its claim for malicious prosecution and abuse of process.

It is unnecessary for this Court to address Harbor's first issue. Even if the trial court did err in denying Harbor's motion for summary judgment on Rassel's claim for unjust enrichment, Harbor prevailed on this issue at trial. Therefore, it would be futile for this Court to decide whether the trial court erred when the appellant has already succeeded on this issue.

[1] Rassel contends that Harbor may not appeal the denials of its motions for summary judgment since trial has already been had on the issues raised in the summary judgment motions. However, this issue has been decided adversely to Rassel.

The Court in *Manning v. Allgood* (1980), Ind.App., 412 N.E.2d 811, decided this issue when the appellee in that case contended that appellants were not entitled to appellate review of the denial of summary judgment because a trial on the merits had occurred. The *Manning* Court explained:

"The Civil Code Study Commission Comments on Ind.Rules of Procedure, Trial Rule 56(E), which may be found at 3 W. Harvey, Indiana Practice at 550 (1970) state:

· 'Generally speaking a denial of summary judgment cannot be considered or reviewed on appeal from a judgment rendered on a trial of the merits of the case.'

Nevertheless, the specific language of TR. 56(E) clearly reads:

'Denial of summary judgment may be challenged by a motion to correct errors after a final judgment or order is entered.'

The language of the trial rule appears to follow appellate review in this situation while the Study Commission apparently determined review would be improper. No Indiana cases have been found in which the trial had occurred and the denial of the summary judgment was raised in the motion to correct errors.

Therefore, the clear meaning of the trial rule must take precedence and supersede the comments of the Study Commission. The denial of a summary judgment may be properly appealed to this Court following a trial on the merits and the entry of a final judgment."

*Id.* at 817.

Harbor is entitled to review of the denial of its summary judgment motions.

Since Harbor provides the same argument for the second and third issues, these issues will be discussed together. Harbor contends that it should have prevailed on its motions for summary judgment for slander of title, malicious prosecution and abuse of process.

[2, 3] The elements of slander of title are that false statements were made, with malice, and that the plaintiff sustained pecuniary loss as a necessary and proximate consequence of the slanderous statements. *Display Fixtures Co., etc. v. R.L. Hatcher, Inc.* (1982), Ind.App., 438 N.E.2d 26, 30. Malice is when one publishes the matter with the knowledge that it is false or with reckless disregard as to whether it is false or not. *Id.*

For malicious prosecution the plaintiff has to prove that the defendant instituted or caused to be instituted a prosecution against the plaintiff; the defendant acted with malice in doing so; the prosecution was instituted without probable cause; and the prosecution terminated in the plaintiff's favor. *Id.* If upon reasonable inquiry, a reasonable, intelligent, and prudent person would be induced to bring an action, then probable cause exists. "Malice can be inferred from a total lack of probable cause or from a culpable omission to make a suitable and reasonable inquiry." *Id.*

Harbor cites *Display, id.* in which the defendant-counter-claimant, Mercantile National Bank, prevailed on its counterclaims alleging slander of title, malicious prosecution, and abuse of process against the plaintiff, Display, for filing a mechanic's lien without probable cause to do so. However, *Display* is clearly distinguishable. The facts revealed that Display sold and delivered certain equipment to a liquor store operated by R.L. Hatcher, Inc. However, when Hatcher failed to pay the contract amount, Display filed a mechanic's lien against the property in the name of Mercantile National Bank. Mercantile was the trustee of a trust for the beneficial owners of the property, John and Pat McLaughlin.

To begin with, it was undisputed that Display furnished only equipment to the Hatcher's store. Clearly, equipment is personal property, and a mechanic's lien cannot be filed on the basis of providing personal property. *See Mann et al. v. Schnarr* (1950), 228 Ind. 654, 95 N.E.2d 138, 142. In fact, the equipment was clearly denominated as personal property on the contract. The merchandise, which provided the basis for Display's mechanic's lien, was not even part of the basic contract and was a separate and independent contract. The McLaughlins never discussed furnishing the interior of the structure with Hatcher or Display. Finally, Mercantile advised Display by letter that the effect of filing the lien was making it impossible for Mercantile to borrow funds to pay its construction costs. However, Display would not release the mechanic's lien and Mercantile suffered pecuniary loss. Under this set of circumstances, the trial judge in *Display* easily could have inferred that there was no probable cause to file a mechanic's lien. From the lack of probable cause, malice could be inferred. The trial court found for Mercantile on its claims of slander of title and malicious of prosecution.

Mercantile also prevailed on its claim for abuse of process. "Abuse of process requires a finding of misuse or misapplication of process, for an end other than that for which it was designed to accomplish." *Display, supra,* at 31. The *Display* trial judge could have inferred abuse of process from the lack of probable cause. Mercantile's counterclaim alleged that Display knew that no valid mechanic's lien existed and that the sole purpose in filing the mechanic's lien was to induce Mercantile as lessor to pressure Hatcher to pay the obligation owed to Display. The trial judge did not err in finding abuse of process. *Id.*

■ In this case, Harbor contends it should have prevailed upon summary judgment. However, if there was any evidence of a question of fact, the trial court properly denied summary judgment. Ind.Trial Rule 56.

Harbor claims that the work done by Rassel was not for the erection, construction, altering, repairing or removing of the property and therefore, a mechanic's lien could not be filed. However, the evidence reveals that extensive renovation work was done by Rassel at the rehabilitation center, including wallpapering, painting, carpeting, and some repair work. As to the dates that the work was done, Harbor alleges that Rassel clearly finished the work more than 60 days prior to filing the lien. Although there was work done within the 60-day period, Harbor contends that the work done was just incidental work for which the time period for filing a lien cannot be extended. The evidence also revealed that the individual defendants were partners in Harbor Investment and that this partnership owned the building for which the renovation was done. At the time of the hearing, there was some evidence presented that Harbor was in the process of foreclosing on the property to take the building back. Harbor also points to the fact that Rassel lost on its motion to foreclose on its mechanic's lien. However, the trial judge only rendered a general judgment against Rassel without specifying the reasons for denying Rassel's lien.

Even if the above evidence showed that Rassel should not have filed a mechanic's

lien, there was insufficient evidence presented to show that Rassel unquestionably acted with malice or with a lack of probable cause to file a mechanic's lien. The evidence reveals that Rassel did do a substantial amount of work at the rehabilitation center over a lengthy period of time. Although Rassel did not prevail on its mechanic's lien, this does not necessarily prove malice or a lack of probable cause. The trial judge certainly could have found a question of fact as to whether Rassel did indeed act with malice or lacked probable cause to file a mechanic's lien, which would support a finding of slander of title, malicious prosecution, or abuse of process. The evidence is not as clear as in the *Display* case on which Harbor relies. Therefore, the trial judge correctly denied Harbor's motions for summary judgment and proceeded to trial.

Affirmed.

CHEZEM, J., concurs.

GARRARD, J., concurs in result.