Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**DAVID W. WESTLAND**
**JACK A. KRAMER**
Tauber Westland & Bennett P.C.
Schererville, Indiana

ATTORNEY FOR APPELLEES:

**GORDON A. ETZLER**
Gordon A. Etzler & Associates, LLP
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

FIRST MIDWEST BANK, successor in      )
interest to BANK CALUMET, N.A.,       )
                                      )
    Appellant-Defendant,       )
                                      )
       vs.            )      No.  64A04-1103-PL-120
                                      )
DEAN VANDER WOUDE and                 )
TIMOTHY KOSTER,                       )
                                      )
    Appellees-Plaintiffs.      )

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger Bradford, Judge
Cause No. 64D01-0605-PL-3878

**January 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

The predecessor in interest to First Midwest Bank ("FMB") mistakenly recorded a property mortgage in the wrong county recorder's office. Another bank foreclosed on a different mortgage for the same property, and real estate investors purchased the property at a Sheriff's sale and proceeded to sell it to a third-party. In executing the sale they encountered problems which led them to sue FMB. Following a jury trial regarding damages for slander of title, FMB appeals the trial court judgment thereon. FMB raises two issues, which we reorder and restate as: whether the trial court erred in granting summary judgment as to slander of title in favor of Dean Vander Woude and Timothy Koster and denying the same in favor of FMB; and whether the trial court erred in denying FMB's motion for judgment on the evidence during a trial for damages. We conclude that the trial court erred in granting summary judgment to Vander Woude and Koster as to their claim for slander of title because a genuine issue of material fact remains. Accordingly, we reverse the trial court's order granting summary judgment, decline FMB's invitation to enter summary judgment in its favor, and remand this case for further proceedings on this claim. This nullifies the jury verdict regarding damages for FMB's slander of title, so we need not address FMB's appellate challenge regarding its motion for judgment on the evidence.

## Facts and Procedural History

In 1999, Michael and Kim Angelini executed a note and mortgage with Bank Calumet, National Association ("Bank Calumet") regarding a Porter County property. Bank Calumet mistakenly recorded this mortgage in the Lake County Recorder's Office and not in

2

the Porter County Recorder's Office. The Angelinis defaulted on this note and mortgage and, in October 2004, Bank Calumet initiated a foreclosure action in Porter Superior Court. In November 2004, the Porter Superior Court entered a default judgment. The Angelinis filed for bankruptcy soon thereafter, which caused the Porter Superior Court to stay the foreclosure.

The Angelinis also executed a note and mortgage against the same property with Bank One, and defaulted on this note and mortgage, too. Bank One filed a foreclosure action in Porter Superior Court, and the property was sold at a Sheriff's sale in March 2005 to Dean Vander Woude and Timothy Koster, who immediately took possession of the property via a Sheriff's deed. A Bank Calumet mortgage lien did not appear on the chain of title in the Porter County Recorder's Office. In May 2005, Vander Woude and Koster entered into a purchase agreement to sell the property to a third party, scheduled with Ticor Title Company to close on or before June 30, 2005, as Vander Woude and Koster contend, or July 6, 2005, as FMB contends.[1]

Meanwhile, the Porter Superior Court lifted the stay of Bank Calumet's foreclosure action and a Sheriff's sale was scheduled for June 2005. In May 2005, upon noticing the newspaper listing for a Sheriff's sale, Vander Woude contends he contacted David Westland, a Bank Calumet attorney, to prevent a second Sheriff's sale. Westland does not recall this

---

[1] The dispute over this date could be relevant to determining whether Vander Woude and Koster sustained damages, but due to our conclusion below, this date is a factual issue to be determined by a fact-finder, if at all. Further, to the extent that this dispute affects a finding of the knowledge of Bank Calumet personnel and the maliciousness of any later statements, this disputed date presents a genuine issue of material fact for the fact-finder, if at all.

3

conversation. The June 2005 Sheriff's sale was eventually canceled, but another was later scheduled for August 24, 2005.

Shortly before Vander Woude's and Koster's sale of the property was to close, Ticor's title search revealed the Bank Calumet foreclosure action. Ticor rescheduled the closing and Vander Woude and Koster discounted the sale of the property by $15,000. Ticor required Vander Woude and Koster produce $96,600, the amount of the listed mortgage in favor of Bank Calumet, before issuing clean title and a title insurance policy in the sale to the third party. Vander Woude and Koster produced and Ticor retained $96,600, and the sale was completed.

At some point Bank Calumet began to assist Vander Woude and Koster in correcting the errors and eliminating the mortgage and judgment liens. Specifically, Bank Calumet sent a letter to the Porter County Sheriff's Office dated August 10, 2005, to cancel the August 24, 2005 Sheriff's sale. In compliance with a demand from Vander Woude's and Koster's attorney, Bank Calumet completed and recorded a release of mortgage in the Lake County Recorder's Office on September 19, 2005. In November 2005, Ticor still had not released escrowed funds to Vander Woude and Koster. Bank Calumet requested Ticor do so, entered an indemnity agreement with Ticor on November 17, 2005, and on December 1, 2005, made a last request for Ticor to release escrowed funds to Vander Woude and Koster.

In May 2006, Bank Calumet merged with and into FMB. FMB does not dispute that it is the successor in interest to Bank Calumet for purposes of this case. Also in May 2006, Vander Woude and Koster filed suit against FMB, alleging slander of title, intentional

4

interference with a contract, and conversion. Pursuant to cross-motions for summary judgment, the trial court entered summary judgment in favor of FMB as to intentional interference with a contract and conversion, and in favor of Vander Woude and Koster as to slander of title. At a February 2011 jury trial for damages, FMB filed a motion for judgment on the evidence at the close of Vander Woude's and Koster's case. The trial court denied this motion, the jury awarded damages to Vander Woude and Koster in the amount of $99,900, and the trial court entered a judgment in that amount. FMB now appeals. Additional facts will be supplied as appropriate.

### Discussion and Decision

### I. Standard of Review

We review a trial court's summary judgment order de novo. Kovach v. Caligor Midwest, 913 N.E.2d 193, 196 (Ind. 2009). We apply the same standard as the trial court: whether the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Freidline v. Shelby Ins. Co., 774 N.E.2d 37, 39 (Ind. 2002). In making this determination, we construe all facts and reasonable inferences in a light most favorable to the non-moving party, Boggs v. Tri-State Radiology, Inc., 730 N.E.2d 692, 695 (Ind. 2000), and resolve all doubts as to the existence of a factual issue against the moving party, Tibbs v. Huber, Hunt & Nichols, Inc., 668 N.E.2d 248, 249 (Ind. 1996). The moving party has the initial burden to prove that there are no genuine factual issues and that judgment as a matter of law is appropriate, and only then must the non-moving party respond by setting forth specific facts

5

in the designated evidence demonstrating the opposite is true. Stephenson v. Ledbetter, 596 N.E.2d 1369, 1371 (Ind. 1992).

A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute, or where undisputed facts are capable of supporting conflicting inferences on such an issue. Briggs v. Finley, 631 N.E.2d 959, 963 (Ind. Ct. App. 1994), trans. denied. We may affirm a trial court's grant of summary judgment upon any theory supported by the designated materials. Sims v. Barnes, 689 N.E.2d 734, 735 (Ind. Ct. App. 1997), trans. denied. Additionally, we "may determine in the context of summary judgment a mixed question of law and fact." Ebbinghouse v. FirstFleet, Inc., 693 N.E.2d 644, 647 n.2 (Ind. Ct. App. 1998), trans. denied.

The fact that the parties filed cross-motions for summary judgment does not alter our standard of review. Pond v. McNellis, 845 N.E.2d 1043, 1053 (Ind. Ct. App. 2006), trans. denied. We consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. Id.

## II. Slander of Title

In Vander Woude's and Koster's motion for partial summary judgment, they describe the following circumstances as bases for the slander of title claim: 1) Bank Calumet filed suit to foreclose property of which it knew or should have known it had no security interest; 2) Bank Calumet scheduled two Sheriff's sales of the property, at least one of which Bank Calumet scheduled after Vander Woude personally called a Bank Calumet attorney and told him that Bank Calumet had no right to foreclose upon the property; 3) Bank Calumet failed

6

to immediately execute a release of the mortgage of the property; and 4) Bank Calumet failed to immediately waive any rights to the property.

> The elements of slander of title are that false statements were made, with malice, and that the plaintiff sustained pecuniary loss as a necessary and proximate consequence of the slanderous statements. Malice is when one publishes the matter with the knowledge that it is false or with reckless disregard as to whether it is false or not.

Morris v. G. Rassel, Inc., 576 N.E.2d 596, 599 (Ind. Ct. App. 1991) (citation omitted).

In reviewing the designated evidence under the framework of Vander Woude's and Koster's specific allegations of Bank Calumet's slander of title, we conclude: 1) Bank Calumet's lawsuit to foreclose the property was absolutely privileged and any false statement contained therein is not actionable; 2) questions of material fact remain as to whether Bank Calumet itself scheduled Sheriff's sales of the property, and if it did so, whether it did so with malice; 3) Bank Calumet's failure to immediately execute a release of mortgage does not constitute a false statement made with malice; and 4) Bank Calumet's failure to immediately release all rights to the property does not constitute a false statement made with malice. As a result, we reverse the trial court's order granting summary judgment in favor of Vander Woude and Koster regarding their slander of title claim, decline FMB's invitation to grant summary judgment in its favor as to this claim, and remand this case to the trial court to continue proceedings.

We now explain these conclusions. First, Bank Calumet's foreclosure lawsuit, effectually a statement that it held a security interest in the property, is a statement contained in a pleading that is pertinent and relevant to that foreclosure litigation, and therefore is

7

absolutely privileged.  See Trotter v. Indiana Waste Sys., Inc., 632 N.E.2d 1159 (Ind. Ct. App. 1994) (regarding absolute privilege of statements made in pleadings).  As a result, Bank Calumet's foreclosure suit cannot form the basis for this claim by Vander Woude and Koster.

Second, the designated evidence reveals at least one genuine issue of material fact: whether Bank Calumet scheduled both Sheriff's sales.  Vander Woude and Koster claim that Bank Calumet scheduled them, but Bank Calumet responds that the sales were scheduled by a deputy of the Porter County Sheriff's Department pursuant to a court order.

Indeed, Kathy Nichols, a Deputy in the Civil Bureau of the Porter County Sheriff's Department, submitted an affidavit which at least raises a factual issue of Bank Calumet's role in scheduling the Sheriff's sales:

> 2.  As part of my job, I am in charge of administering and monitoring Sheriff's sales of real estate in Porter County, Indiana.
> ***
> 4.  In January of 2005, Pursuant to a Court Order issued in the case of Bank One v. Angelini, . . . I issued a Notice of Sheriff's Sale, . . . for the real estate commonly known as . . . Franklin Street, Valparaiso, IN 46383 . . . .  The date of the Sheriff's sale was set for March 9, 2005.
> 5.  The Sheriff's sale of . . . Franklin Street took place as scheduled . . . .  The successful bidders were Dean Vander Woude and Tim Koster.
> 7.  In April of 2005, Pursuant to a Court Order issued in the case of Bank Calumet v. Angelini, . . ., I issued a Notice of Sheriff's Sale for the real estate commonly known as . . . Franklin Street, Valparaiso, IN 46383.  The date of this Sheriff's sale was set for June 8, 2005.
> 8.  Due to the volume of properties for which I administer Sheriff's sales, I did not realize at that time that . . . Franklin Street had already been sold at a previous Sheriff's sale.
> ***
> 13.  I received from Attorney [David] Westland a letter dated May 5, 2005 asking me to cancel the June 8, 2005 Sheriff's sale of . . . Franklin Street.  I believe the reason for this cancellation was due to a bankruptcy being filed.
> 14.  In June of 2005, pursuant to another Court Order issued in the case of Bank Calumet v. Angelini, . . ., I prepared a Notice of Sheriff's Sale for . . .

Franklin Street, Valparaiso, IN 46383. The date of this sale was set for August 24, 2005.

15. I received from Attorney Westland a letter dated August 10, 2005 asking me to cancel the August 24, 2005 Sheriff's sale of . . . Franklin Street. I believe the reason for this cancellation was because of a bankruptcy being filed.

App. to Br. of Appellant at 124-25 (emphases added).

This remains a factual issue, and therefore summary judgment in favor of FMB is also inappropriate, because Bank Calumet's role in Nichols' scheduling the sales is unclear. Although Nichols notes that she took that action pursuant to a court order, it is unclear if Bank Calumet assisted her in this regard by, perhaps, delivering the court order to her and directing her to do so in accordance with the court order on a date of Bank Calumet's choosing. This factual issue prevents summary judgment.[2]

Bank Calumet's alleged failure to immediately execute a release of the mortgage and its alleged failure to immediately waive any rights to the property do not constitute false statements made with malice. Inaction may sometimes lead to liability when one has a duty to correct a misunderstanding or updated information renders other information inaccurate, i.e., an attorney's duty to be candid with the court, or a party's duty to update discovery responses with new or amended information. However, inaction or silence cannot be the basis for a slander of title claim.

---

[2] We also note that, to the extent Bank Calumet did schedule the second Sheriff's sale, Vander Woude and Koster contend that doing so constitutes slander of title because Vander Woude called Westland in May 2005, which would have explicitly put Bank Calumet on notice that proceeding with Sheriff's sale would be improper. If it turns out that Bank Calumet did make a false statement that led to scheduling of the Sheriff's sale, we would need to address whether Bank Calumet did so with malice. Due to our conclusion that a factual

9

We conclude that the trial court erred in granting summary judgment to Vander Woude and Koster as to their claim for slander of title because a genuine issue of material fact remains. Accordingly, we reverse the trial court's order granting summary judgment, decline FMB's invitation to enter summary judgment in its favor, and remand this case for further proceedings consistent with this opinion. This nullifies the jury verdict regarding damages for FMB's slander of title, so we need not address FMB's appellate challenge regarding its motion for judgment on the evidence.

Reversed and remanded.

BARNES, J., and BRADFORD, J., concur.

---

issue remains over Bank Calumet's role in scheduling the Sheriff's sale, we need not address whether malice was present or the various other issues this latter factual contention raises.